Tammy PENTER *v.* BALDWIN PIANO AND ORGAN
COMPANY

92-385                                                      832 S.W.2d 215

Supreme Court of Arkansas
Opinion delivered May 26, 1992

*Anthony W. Bartels*, for appellant.

*Bill Penix*, for appellee.

PER CURIAM. The petitioner, Tammy Penter, asks that we
review the decision of the Arkansas Court of Appeals affirming a
decision of the Workers' Compensation Commission. The Com-
mission found the evidence did not support Ms. Penter's claim for
temporary total disability which had been allowed by the Admin-
istrative Law Judge.

Ms. Penter argued to the Court of Appeals that it should
change its standard of review from that of whether there is
"substantial evidence" to support the commission's decision to
whether there is "substantial evidence on the record as a whole,"
a standard applied in *Gavin* v. *Heckler*, 811 F.2d 1195 (8th Cir.
1987).

The same issue was raised in *Scarbrough* v. *Cherokee
Enterprises*, 306 Ark. 641, 816 S.W.2d 876 (1991). We affirmed
the Court of Appeals decision in that case but pointed out that
there was no due process issue with respect to the manner in which

facts were ascertained because there was no disagreement between the Administrative Law Judge who heard the evidence and the Commission. We noted that if there had been a disagreement, and the question turned on credibility of witnesses seen and heard only by the Administrative Law Judge, a due process of Law issue might have been presented.

Ms. Penter's petition for review in this case suggests there must have been a disagreement over credibility because the Administrative Law Judge believed her claim that she was unable to work during a certain time but the Commission obviously did not.

We find no dispute between the Administrative Law Judge and the Commission as to any fact. Ms. Penter's claim of disability is the ultimate issue in the case, and there is evidence in the record to support, and evidence to dispute, her claim. The decision of the Commission did not turn on the credibility of a witness or witnesses but upon the weighing of medical opinion testimony.

Review denied.