Vickie SCARBROUGH *v.* CHEROKEE ENTERPRISES

91-54                                          816 S.W.2d 876

Supreme Court of Arkansas
Opinion delivered October 14, 1991

*Anthony W. Bartels*, for petitioner.

*Barrett, Wheatley, Smith & Deacon*, by: *Paul Waddell*, for respondent.

*Winston Bryant*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for amicus curiae Arkansas Public Service Commission.

*The Bassett Law Firm*, by: *W.W. Bassett, Jr.*, and *Gary Weeks*, for amicus curiae Tyson Foods, Inc.

*Wright, Lindsey & Jennings*, for amicus curiae Associated Industries of Arkansas, Arkansas State Chamber of Commerce, and Arkansas Self Insurers Association.

*Kemp, Duckett, Hopkins & Spradley*, for amicus curiae

Arkansas Motor Carriers Association.

DAVID NEWBERN, Justice. This is a workers' compensation case in which we review a decision of the Arkansas Court of Appeals. The parties and *amici curiae* have, at our request, submitted briefs on the question of the appropriate standard of review of fact determinations in such cases. Our decision leaves unchanged the "substantial evidence" standard but saves for another day the question whether a constitutional violation may result when the Workers' Compensation Commission and a reviewing court are permitted to ignore the findings of an Administrative Law Judge, the only adjudicator to see and hear the witnesses.

Vickie Scarbrough was injured while working as a housekeeper for Cherokee Enterprises. She filed a workers' compensation claim, and an Administrative Law Judge (ALJ) awarded temporary total disability benefits, but not permanent total disability benefits. Scarbrough later filed another claim contending she was entitled to permanent total disability benefits. The ALJ again found no permanent disability, and the Commission affirmed.

The Court of Appeals affirmed the Commission, holding there was substantial evidence to support the finding. *Scarbrough v. Cherokee Enterprises*, 33 Ark. App. 139, 803 S.W.2d 561 (1991). In its opinion, the Court of Appeals alluded to the problem of the lack of direct contact between the Commission and the witnesses, citing an earlier minority opinion which had raised the issue. *Webb* v. *Workers' Compensation Comm.*, 292 Ark. 349 at 352, 730 S.W.2d 222 at 726 (1987) (Newbern, J., concurring). *See also Hamby* v. *Everett*, 4 Ark. App. 52 at 55, 627 S.W.2d 266 at 267 (1982) (Glaze, J., dissenting). A petition for review was granted to address the question concerning the standard of review in workers' compensation cases. Scarbrough urges this Court to reverse by adopting a new standard of review by which we would require a finding that the Commission's decision is supported not just by "substantial evidence" but by "substantial evidence on the record as a whole." The point of the suggestion is that the Court would be allowed to consider the record compiled by the ALJ and not ignore that Judge's decision by reviewing only the findings of the Commission. We affirm the

Court of Appeals decision.

## 1. The current standard

The General Assembly has provided that the Court of Appeals may reverse the Commission only on four bases. The one obviously pertaining to factual determinations is, "That the order or award was not supported by substantial evidence of record." Ark. Code Ann. § 11-9-711(b)(1)(B)(4) (1987). While the statute has not always been worded just that way, *see* Act 319 of 1939, § 25(b), the standard today is not different from that of 50 years ago. *See, e.g., Williams* v. *Smith*, 205 Ark. 604, 170 S.W.2d 82 (1943).

Prior to 1979, workers' compensation cases were appealed from the Commission to Circuit Courts and then to the Supreme Court. In applying the substantial evidence standard to a decision of the Commission, this Court wrote that, upon review, "we give the law judge's findings no weight whatever." *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). The General Assembly, in Acts 252, 253, and 597 of 1979, changed the appellate chain in such cases, eliminating the Circuit Courts from the review process and providing for appeal directly from the Commission to the Court of Appeals, which properly followed the lead we had established in reviewing only the Commission decision and ignoring the findings of the ALJs. *See, e.g., Tyson Foods, Inc.* v. *Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988); *Oller* v. *Champion Parts Rebuilders*, 5 Ark. App. 307, 635 S.W.2d 276 (1982). While we have gone so far as to allow the Commission to rely on an ALJ's stated perceptions of the "demeanor, conduct, appearance, or reaction at the hearing," *Wade* v. *Mr. C. Cavanaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989), it has not been held that a court may use an ALJ's remarks to reverse a credibility determination made by the Commission.

## 2. The suggested new standard

In support of her suggestion that we adopt the "substantial evidence on the record as a whole" standard, Scarbrough cites two cases involving social security benefits, *Thomas* v. *Sullivan*, 876 F.2d 666 (8th Cir. 1989), and *Gavin* v. *Heckler*, 811 F.2d

1195 (8th Cir. 1987). These federal court cases relied on the standard of review applied by the United States Supreme Court in *Universal Camera Corp.* v. *National Labor Relations Bd.*, 340 U.S. 474 (1951). The United States Supreme Court held that in reviewing administrative findings, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

The *Gavin, Thomas*, and *Universal Camera* cases were based upon 5 U.S.C. § 706 (1989) which requires federal courts to examine the whole record when reviewing administrative decisions. The Court in the *Universal Camera* case held Congress left no room for doubt as to the kind of scrutiny to be given Labor Board decisions. Because these cases are based upon a statutory requirement not applicable here, we do not find them persuasive.

In two other jurisdictions, the appellate courts have apparently also been troubled by the problem of ignoring the "credibility" findings of the initial hearing officer. The Supreme Court of Florida addressed the problem in *U.S. Casualty Co.* v. *Maryland Casualty Co.*, 55 So. 2d 741 (1951), holding the Commission should not reverse findings of fact made by a Deputy Commissioner unless the findings were not supported by substantial evidence. In *Powell* v. *Industrial Commission*, 4 Ariz. App. 172, 418 P.2d 602 (1966), the Arizona Court of Appeals held that, when the Commission reversed a factual determination made by a referee, the Court would set aside the Commission's decision when the weight of the evidence supported the referee's finding. These cases were based upon the hearing officer's superior vantage point in making factual findings and judging the credibility of witnesses.

Despite persuasive arguments in favor of the Florida and Arizona approaches, we feel the constraint of *stare decisis*, especially when dealing with legislative intent in the interpretation of a statute. *Knapp* v. *State*, 283 Ark. 346, 676 S.W.2d 729 (1984). Section 11-9-711(b)(4) requires the Court to affirm the Commission's decision if it is supported by substantial evidence. This Court and the Court of Appeals have interpreted substantial evidence consistently over the past fifty years. The General Assembly is presumed to have known of our decisions, *J.L. McEntire & Sons* v. *Hart Cotton Co.*, 256 Ark. 937, 511 S.W.2d

179 (1974). It has even codified the language we have used. *See* Act 253 of 1979 and Act 631 of 1981. If we were to reinterpret the term "substantial evidence" at this point to include "on the record as a whole," we would be overruling precedent without a compelling reason appearing in this case.

### 3. The due process issue

A reason which might indeed be compelling for holding that the initial fact finder's determinations of facts where credibility is at issue cannot be ignored would be that it deprives a party of due process of law. One of the *amicus curiae* has suggested that issue and has contended it is exacerbated by the partisan nature of the selection process for the members of the Commission. One member of the Commission represents employees, another represents employers, and the third is an attorney with no specified further affiliation. Ark. Code Ann. § 11-9-201(a) (1987). Our *amicus* cites statistics which, it contends, show how the system of partisan commissioners skews the decision making process, making it something other than an impartial determination of workers' compensation claims.

The due process question as it relates to credibility issues is, however, not one we can decide in this case. There is no disagreement among the ALJ, the Commission, and the Court of Appeals with respect to the factor in this case.

Affirmed.