Keith CRAWFORD *v.* PACE INDUSTRIES

CA 95-1266                                      929 S.W.2d 727

Court of Appeals of Arkansas
Division II
Opinion delivered October 2, 1996

*Conrad T. Odom,* for appellant.

*James D. Sprott,* for appellee.

JOHN B. ROBBINS, Judge. Appellant Keith Crawford filed a workers' compensation claim, alleging that he injured his back while working for appellee Pace Industries on the evening of November 2, 1993. The Administrative Law Judge found that he was entitled to benefits. However, the Commission reversed, finding that Mr. Crawford failed to prove that he sustained a compensable injury. Mr. Crawford now appeals, raising three points for reversal. First, he argues that the Commission erred in requiring him to

identify a specific time and place of his injury. Next, Mr. Crawford contends that the Commission erred in refusing to recognize a CT scan as objective medical evidence. Finally, Mr. Crawford argues that the Commission erred in determining that he failed to prove a compensable injury by a preponderance of the evidence. We find no error and affirm.

■ When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *City of Fort Smith* v. *Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

In the instant case, Mr. Crawford testified on his own behalf. He stated that he worked the 3:00 p.m. to 11:00 p.m. shift for the appellee and that his job included lifting stacks of aluminum castings weighing from 60 to 100 pounds. Mr. Crawford testified that, on the evening of November 2, 1993, he was performing his duties when his back started hurting. Mr. Crawford finished his shift that night and worked an eight-hour shift the next day. Then, on November 4, 1993, he first informed his supervisor that he had suffered a work-related injury on November 2, 1993. Mr. Crawford subsequently sought medical treatment, including visits to the hospital emergency room on November 4, 1993, and November 9, 1993.

Mr. Crawford's supervisor, David Rudisel, recalled that he was first informed of Crawford's alleged back injury on the evening of November 4, 1993. He testified that he did not fill out an accident report, because the injury was not reported on the day that it occurred. Steve Flynn, personnel manager for Pace Industries, also testified on behalf of the appellee. He was informed of the alleged back injury on November 5, 1993. At that time, Mr. Flynn determined that the injury was not compensable. Mr. Flynn stated, "I based this conclusion on the lag time between when Crawford allegedly hurt himself, the fact that he could point to no specific

incident, and based on [Crawford] stating to me, and his supervisor that he wasn't sure how he hurt himself."

Mr. Crawford's first argument on appeal is that the Commission misapplied the law in requiring him to identify the time and place that his injury occurred. Arkansas Code Annotated § 11-9-102 (Repl. 1996) provides, in pertinent part:

(5)(A) "Compensable injury" means:

(i) An accidental injury causing internal or external physical harm to the body or accidental injury to prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence;

(ii) An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:

\* \* \*

(b) A back injury which is not caused by a specific incident or which is not identifiable by time and place of occurrence[.]

Mr. Crawford asserts that, because he was claiming an injury to his back, he was not obligated to prove the time and place of the injury.

■ Mr. Crawford's first argument fails because the Commission's decision to deny benefits was not based on his failure to prove the time and place of his back injury. In its opinion, the Commission mentioned that, under Act 796 of 1993, a claimant must show that an injury is caused by a specific incident identifiable by time and place unless the alleged injury falls under an exception to this general rule. However, in denying Mr. Crawford's claim the Commission gave the following explanation:

In the present claim, we find that the claimant failed to prove by a preponderance of the evidence that he sustained an injury arising out of and in the course of his employment

on November 2, 1993, as he alleges. Other than the claimant's own testimony, there is no evidence to support his contention that he sustained an injury on November 2, 1993. Furthermore, his actions and statements to others are not consistent with his contention that he sustained a work-related injury on that date. In this regard, he did not report his alleged back problems until he had almost completed his shift on November 4, 1993, and, when he did report the problems, both Mr. Rudisel and Mr. Flynn testified that he indicated that he did not know whether he had injured his back at work or elsewhere. Notably, despite the severity of the condition described by the claimant, he did not seek any medical treatment whatsoever from November 9, 1993, to March 1, 1993 [*sic*]. Consequently, any conclusion that the claimant injured his back at work would be based on speculation and conjecture, and speculation and conjecture can never be substituted for credible evidence, no matter how plausible. *Dena Construction Co. v. Herndon*, 264 Ark. 791, 575 S.W.2d 151 (1980).

From the Commission's opinion, it is clear that it made no finding as to whether or not Mr. Crawford proved the time and place of an injury. Rather, it found his testimony that he sustained a work-related injury to be incredible, and further found that his claim was barred because he failed to support his claim with objective medical evidence.[1]

Mr. Crawford next takes issue with the Commission's finding that his claim of injury was not met with objective medical findings. Specifically, Mr. Crawford asserts that a CT scan provided objective evidence of his back injury.

■ We find substantial evidence to support the Commis-

---

[1] We direct appellant's counsel to Rule 4-2(a)(6) of the Arkansas Rules of the Supreme Court and Court of Appeals, which provides that "[t]he appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of *only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." (Emphasis in original.) In the present appeal, appellant's counsel was grossly deficient in abstracting the opinion of the Commission. Appellant's abstract was misleading in that it purported to reflect that the Commission required appellant to prove the time and place of his back injury, while the record clearly demonstrates the contrary.

sion's finding in this regard. The records from Mr. Crawford's emergency room visits indicate nothing more than subjective complaints of pain. In addition, the CT scan that was performed on March 1, 1994, also failed to confirm any objective signs of injury. The post-operative report stated that "[n]o disc protrusions suggestive of disc herniation are recognized." The report concluded with the following impression:

> No significant abnormalities identified. The minimal degree of disc bulging noted at the three levels covered, is probably within the limits of normal.

After examining Mr. Crawford and reviewing the report from the CT scan, Mr. Crawford's family doctor noted "no marked abnormalities" and suggested that Mr. Crawford return to work. Upon review of the medical evidence presented, we cannot find that the Commission erred in its determination that Mr. Crawford's claim was not supported by objective medical findings.

Mr. Crawford's remaining argument is that the Commission erred in its assessment of the facts and in finding that he failed to prove a compensable injury. He asserts that he was a credible witness and that his account of his injury was uncontradicted. He submits that the Administrative Law Judge was in a better position than the Commission to judge credibility, and that we should defer to the Administrative Law Judge's findings.

■ We first address Mr. Crawford's assertion that the Commission and this court should defer to the credibility determinations that were made by the Administrative Law Judge. It is well-settled that the Commission reviews an ALJ's decision de novo, and it is the duty of the Commission to conduct its own factfinding independent of that done by the ALJ. *See Willmon* v. *Allen Canning Co.,* 38 Ark. App. 105, 828 S.W.2d 868 (1992). Moreover, in reviewing workers' compensation cases, this court reviews only the findings of the Commission and ignores those of the ALJ. *Scarbrough* v. *Cherokee Enterprises,* 306 Ark. 641, 816 S.W.2d 876 (1991); *Mack* v. *Tyson Foods, Inc.,* 28 Ark. App. 229, 771 S.W.2d 794 (1989); *Tyson Foods, Inc.* v. *Disheroon,* 26 Ark. App. 145, 761 S.W.2d 617 (1988); *Oller* v. *Champion Parts Rebuilders,* 5 Ark. App. 307, 635 S.W.2d 276 (1982). Therefore, any reliance by Mr. Crawford on the findings of the ALJ was misplaced.

■ We have often stated that the weight and credibility of a

witness's testimony are exclusively within the province of the Commission, and the Commission does not have to believe the appellant over other evidence presented. *See Wade* v. *Mr. C. Cavenaugh's,* 298 Ark. 363, 768 S.W.2d 521 (1989). In the instant case the Commission noted that Mr. Crawford's testimony was uncorroborated and the Commission was presented with evidence that Mr. Crawford failed to report any injury until two days after it allegedly occurred. Moreover, the Commission was not convinced from the medical evidence presented that Mr. Crawford had, in fact, suffered any injury. The Commission was entitled to weigh the evidence presented and conclude that Mr. Crawford failed to prove that he injured his back in the manner described, and we find that this conclusion is supported by substantial evidence.

Affirmed.

STROUD and GRIFFEN, JJ., agree.