STEPHENS TRUCK LINES *v.* Robert MILLICAN

CA 97-3 950 S.W.2d 472

Court of Appeals of Arkansas
Division I
Opinion delivered September 17, 1997

---

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jim Tilley* and *Julia L. Busfield*, for appellant.

*Dowd, Harrelson, Moore & Giles*, by: *Greg Giles*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee was employed by the appellant trucking company on July 26, 1994. He filed a claim for benefits alleging that he injured his back and neck on that date when he fell while pulling a tarp over the load. The administrative law judge found that he sustained a compensable injury and awarded temporary total disability benefits. On *de novo* review, the Commission likewise found that appellee sustained a compensable injury to his cervical spine, and that he was entitled to temporary total disability benefits from July 26, 1994, until August 25, 1995. This appeal followed.

For reversal, appellant contends that the evidence is insufficient to support the Commission's findings that appellee sustained a compensable neck injury and that appellee was temporarily totally disabled from July 26, 1994, through August 26, 1995.

In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Brothers Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de novo*. *Tyson Foods, Inc. v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988). In making our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *Whaley v. Hardee's*, 51 Ark. App. 166, 912 S.W.2d 14 (1995). The Commission has the duty of weighing medical evidence and, if the evidence is conflicting, its resolution is a question of fact for the Commission. *Id*. The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id*.

Appellant first contends that there is no substantial evidence to support the Commission's finding that appellee sustained a compensable neck injury. We do not agree. Appellee testified that, while attempting to cover the load with a tarp, he fell from his trailer and that his "head popped back" when he struck the ground. He further testified that he was treated in the emergency room, where he informed medical personnel that he was experiencing pain in his neck. The employer refused to provide additional medical treatment, and appellee did not obtain further medical care until September 1994, when an MRI scan revealed a large disc herniation of the cervical spine at C4-C5.

Appellant argues that there were inconsistencies in appellee's testimony that render it unworthy of belief. However, this argument goes to the weight and credibility of the testimony, and these matters are exclusively within the province of the Commission. *Crawford v. Pace*, 55 Ark. App. 60, 929 S.W.2d 727 (1996).

Appellant also argues that the finding of a compensable injury was not supported by substantial evidence because the only objec-

tive medical evidence of a neck injury was an MRI performed in September 1994 that revealed a herniation at C4-C5. Appellant does not argue that the MRI fails to show an injury, but instead asserts that there is no objective medical evidence to show that the injury took place on July 26, 1994, or that appellee injured his neck while working for appellant.

■ Appellant's argument requires us to decide the scope of Ark. Code Ann. § 11-9-102(5)(D) (Repl. 1996), which provides that "[a] compensable injury must be established by medical evidence supported by 'objective findings' as defined in § 11-9-102(16)." This statute is part of the Arkansas Workers' Compensation Law, which by legislative mandate must be strictly and literally construed by the Commission and the courts. Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996); *Duke v. Regis Hairstylists*, 55 Ark. App. 327, 935 S.W.2d 600 (1996). Appellant, in effect, asks us to apply the statutorily mandated standard of strict construction to hold that a claimant must offer objective medical evidence to prove not only the existence of an injury, but also to show the circumstances under which the injury was sustained and the precise time of the injury's occurrence. This we cannot do. Although it is irrefutably true that the legislature has required medical evidence supported by objective findings to establish a compensable injury, it does not follow that such evidence is required to establish each and every element of compensability. The statutory definition of compensability as set out in Ark. Code Ann. § 11-9-102(5) contains many elements that simply are not susceptible of proof by medical evidence supported by objective findings. For example, a compensable accidental injury must be shown to have been caused by a specific incident and to be identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(5)(A)(i). Injuries inflicted at a time when employment services were not being performed are not compensable, Ark. Code Ann. § 11-9-102(5)(B)(iii), nor are injuries resulting from engaging in horseplay. Ark. Code Ann. § 11-9-102(5)(B)(i). We know of no type of medical examination or test that would result in objective findings to show exactly where and when an injury was incurred, or whether the employee was injured while performing employment services rather than while engaging in horseplay.

Even statutes that must be strictly construed will not be given a literal interpretation leading to absurd consequences that are clearly contrary to legislative intent. *Thomas v. State*, 315 Ark. 79, 864 S.W.2d 835 (1993).

■ The legislature has declared that the major and controlling purpose of workers' compensation is to pay timely benefits to all legitimately injured workers and return them to work. Ark. Code Ann. § 11-9-1001 (Repl. 1996). Were we to interpret the Act so strictly as to require objective medical evidence to prove nonmedical elements of compensability, we would defeat the overriding legislative intent. Consequently, we hold the requirement that a compensable injury must be established by medical evidence supported by objective findings applies only to the existence and extent of the injury.

■ Next, appellant contends that the Commission's finding that appellee was temporarily totally disabled from July 26, 1994, through August 26, 1995, is not supported by substantial evidence because appellee did not show that he remained in his healing period until August 26, 1995. Appellant argues that the record is "devoid of any medical evidence indicating that appellee was ever within his healing period." The Commission noted the paucity of medical evidence to show the duration of appellee's healing period but nevertheless found that he remained in his healing period until he returned to work in August 1995. In so finding, the Commission emphasized the employer's refusal to provide further treatment and the appellee's inability to pursue treatment on his own due to restricted finances following his termination. Although the Commission did not expressly state that it was applying the doctrine of estoppel, it is implicit in its opinion that it did so.[1] *See Southern Hospitalities v. Britain*, 54 Ark. App. 318, 925 S.W.2d 810 (1996). However, because estoppel is ordinarily a question of fact, *see Dickson v. Delhi Seed Co.*, 26 Ark.

---

[1] The concurring judge misconstrues our holding. We do not hold that estoppel was the basis for the Commission's decision. Although that decision strongly suggests that the Commission applied the doctrine of estoppel to bar the employer's argument that the medical evidence was inadequate, the fact remains that the Commission did not explain the basis for its decision on this point, nor did it make specific findings of fact to support estoppel if estoppel was in fact applied. These matters will be clarified on remand.

App. 83, 760 S.W.2d 382 (1988), and because the Commission did not make a specific determination that the employer was estopped, we reverse and remand on this point for the Commission to make findings sufficient for us to determine whether this issue was resolved in conformity with the law. *See Wright v. American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986).

Affirmed in part; reversed and remanded in part.

CRABTREE, J., agrees.

AREY, J., concurs.

D. FRANKLIN AREY, III, Judge, concurring. I agree that the evidence is sufficient to support the Commission's finding that appellee sustained a compensable neck injury. I also agree that the temporary total disability claim should be remanded. Because the majority pulls an estoppel argument out of thin air, and does so in a fashion that favors one party over the other, I must concur.

Nothing before us justifies an implication of estoppel. Nothing in the Commission's opinion suggests that the appellant failed to assert a claim or right, and that the appellee relied on that failure to his detriment. *Compare, e.g., Johnson v. Spencer*, 222 Ark. 710, 262 S.W.2d 290 (1953) (noting that where one stands by and fails to assert a claim, he cannot later assert it against another who relied on his silence). Nothing in the Commission's opinion suggests that appellant told appellee to seek medical care, and then refused to pay. *Compare Southern Hospitalities v. Britain*, 54 Ark. App. 318, 925 S.W.2d 810 (1996) (finding employer liable to pay for medical treatment that it directed the employee to obtain, on a theory of estoppel). The majority puts the cart before the horse: it implies estoppel, without any factual findings by the Commission to support the implication, and remands to the Commission for it to supply the missing findings.

Further, the majority's implication favors the appellee over the appellant. Without any basis for believing the Commission relied on estoppel, it implies a theory which prevents further argu-

ment by the appellant concerning appellee's healing period.[1] The Commission's opinion could just as easily have been read to suggest that the appellant consistently exercised its right not to pay for medical expenses *until* the appellee was determined to have suffered a compensable injury. *See* Ark. Code Ann. § 11-9-102(5)(F)(i) (Repl. 1996); *Southern Hospitalities*, 54 Ark. App. at 322, 925 S.W.2d at 812. Hopefully, on remand the Commission will realize that it is not required to utilize estoppel without giving both sides a chance to argue its applicability.

I would, nonetheless, remand this matter. In my opinion, substantial evidence does not support the Commission's finding that the appellee's healing period ended on the same day appellee returned to work. On these facts, I believe fair-minded persons would conclude that this was a happy coincidence, and nothing more; I do not believe fair-minded persons would reach the same conclusion as the Commission. However, we are allowed to remand even if we do not find substantial evidence of record. *See* Ark. Code Ann. § 11-9-711(b)(4). Therefore, I concur.

---

[1] We should not assume that the appellant's refusal to pay for further medical care somehow stymied the presentation of appellee's claim. For example, the Commission, in its discretion, could have ordered a medical examination of appellee. *See* Ark. Code Ann. §§ 11-9-511(b), -811.