Billy Leon GRAHAM *v.* TURNAGE EMPLOYMENT
GROUP and Wausau Insurance Companies

CA 97–456                                                    960 S.W.2d 453

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered January 21, 1998

*The Cortinez Law Firm, P.L.L.C.*, by: *Robert Cortinez*, for appellant.

*Anderson & Kilpatrick*, by: *Randy Murphy*, for appellees.

JOHN F. STROUD, JR., Judge. Billy Leon Graham was employed by Turnage Employment Group, a temporary employment agency, and reported to a job site for a roofing job on June

13, 1995, at approximately 5:00 a.m. At 9:45 a.m., when the accident occurred, he was unrolling insulation and moving backwards on top of a building. He fell through an open part of the roof and landed on a concrete floor thirty feet below, breaking his wrist and injuring his back, spleen, and liver. At the hospital emergency room, a urine specimen was taken for drug testing. Laboratory reports revealed the presence of marijuana metabolites.

The administrative law judge awarded benefits to Mr. Graham after finding that he had overcome the presumption of Arkansas Code Annotated section 11-9-102(5)(B)(iv) (Repl. 1996) that his accident was substantially occasioned by the presence of illegal drugs. The Workers' Compensation Commission reversed the award of benefits in a split decision. Mr. Graham now appeals, contending that 1) there was no substantial evidence to invoke the presumption, and the Commission abused its discretion by invoking the presumption; and 2) the Commission had no substantial basis to deny relief to appellant, and it abused its discretion by disbelieving his testimony and ignoring other evidence of record. The issues are identical to those raised in *Brown v. Alabama Electric Co.*, 60 Ark. App. 138, 959 S.W.2d 753 (1998), which we also decide today. We affirm, addressing the issues as appellant presents them.

*I. There was an absence of substantial evidence to invoke the presumption of Ark. Code Ann. § 11-9-103(b)(iv), and the Commission abused its discretion by invoking the presumption.*

A prima facie presumption existed under our prior workers' compensation law that an injury did not result from intoxication of the injured employee. Ark. Code Ann. § 11-9-707(4) (1987). Act 796 of 1993 changed that presumption: Arkansas Code Annotated § 11-9-102(5)(B)(iv) (Repl. 1996) now reads in pertinent part:

(B) "Compensable injury" does not include:

\* \* \* \*

(iv)(a) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(b) The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(c) Every employee is deemed by his performance of services to have impliedly consented to reasonable and responsible testing by properly trained medical or law enforcement personnel for the presence of any of the aforementioned substances in the employee's body.

(d) An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

Ark. Code Ann. § 11-9-102(5)(B)(iv) (Repl. 1996).

The Commission referred to the statute above and wrote in its decision, "In the present claim, the evidence shows that marijuana was present in the Claimant at the time of the injury. Therefore, we begin with the assumption that the Claimant's injury was substantially occasion [sic] by the drug." Appellant presents the threshold issue of whether there was substantial evidence upon which the Commission could base the presumption that the injury was substantially occasioned by marijuana.

Evidence presented at the hearing included testimony of appellant and of Dr. Henry F. Simmons, Jr., a toxicologist and medical doctor who reviewed the laboratory testing report and testified by deposition. Appellant testified that he had smoked marijuana as a teenager and on an occasion seventeen days before the accident, but had not smoked between then and his accident. In cross-examination, he was questioned about statements in his deposition testimony, which had been recorded a month before the hearing; he acknowledged that he had responded both that he did not use illegal drugs and that he had smoked marijuana on May 27. He explained that his affirmative answers about "occasional use" were meant to refer to use of alcohol, not marijuana, and that he had been on pain killers when an insurance representative came to his home ten days after the accident to record his statement.

Dr. Henry Simmons testified that marijuana metabolites are the breakdown products that arise from the use of THC, tetra-hydro-cannabinol, which is the principal psychoactive ingredient in marijuana. He stated that the presence of marijuana metabolites in appellant's urine was consistent with appellant's either being impaired or not being impaired on the date the specimen was taken. Dr. Simmons stated his opinion, based upon laboratory testing and appellant's statement that he had not used marijuana since seventeen days before his accident, that appellant would not have been acutely impaired by marijuana on the date of the accident.

Appellant contends that the urine testing did not meet the statutory requirements for "reasonable and responsible testing" by "properly trained medical or law enforcement personnel" as provided in Arkansas Code Annotated § 11-9-102(5)(B)(iv)(c). Appellant also contends that the presence of marijuana metabolites in his urine was not evidence of impairment due to the presence of marijuana and that, therefore, the presumption that the injury or accident was substantially occasioned by the use of illegal drugs did not arise. *See* Ark. Code Ann. § 11-9-102(5)(B)(iv)(b).

As we said today in *Brown v. Alabama Electric Co.*, Arkansas Code Annotated section 11-9-102(5)(B)(iv)(b) (Repl. 1996) does not require that the Commission promulgate drug-testing procedures or specify particular types of tests to be used as a precondition to the intoxication presumption. The Arkansas General Assembly could have required testing that would show a certain level of illegal drugs, as they have required to invoke the presumption in D.W.I. cases, but they have not made such a requirement. The Commission has broad discretion with reference to admission of evidence, and its decision will not be reversed absent a showing of abuse of its discretion. We find no abuse of discretion in the Commission's considering the report on urine testing as evidence of the presence of drugs under Arkansas Code Annotated section 11-9-102(5)(B)(iv) (Repl. 1996). Neither do we find that there was an absence of substantial evidence for the Commission to invoke the presumption that appellant's accident was substantially occasioned by the use of marijuana.

*II.   The Commission had no substantial basis to deny relief to appellant, and the Commission abused its discretion when it disbelieved his testimony and ignored other evidence of record.*

■ ■   When a claim is denied because a claimant fails to show entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires that we affirm if a substantial basis for the denial of relief is displayed by the Commission's opinion. *Linthicum v. Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987). It is well established that the credibility of witnesses and the weight to be given their testimony are matters exclusively within the province of the Commission. *Wade v. Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989). Furthermore, the Commission may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Jordan v. Tyson Foods, Inc.*, 51 Ark. App. 100, 911 S.W.2d 593 (1995).

In denying appellant's claim, the Commission wrote as follows:

> The claimant offered no credible evidence to refute the presumption and he gave contradictory and inconsistent testimony regarding his marijuana use. Therefore, after giving the claimant's testimony the weight that it is entitled to receive, and based upon the testimony of Dr. Simmons, we find that the claimant has failed to rebut by a preponderance of the evidence the presumption that his injury was substantially occasioned by the use of illegal drugs.

Appellant takes issue with the Commission's statement that he offered no credible evidence to refute the presumption that his accident was substantially occasioned by the use of marijuana.

Appellant complains that the Commission's treatment of testimony by his expert, Dr. Simmons, was highly selective and unfair. He notes that the Commission quoted the testimony about results of the drug test and mechanics of the accident being consistent with impairment, but that it did not mention the testimony about results also being consistent with no impairment and about the inability of any urine test to reveal when marijuana had been used or whether it had affected a person's capacity to func-

tion. Appellant also complains that the Commission ignored the fact that his medical records never mentioned intoxication or the presence of THC. Finally, he complains that the Commission greatly exaggerated by characterizing his testimony as "replete with contradictions and inconsistencies," when he testified that any contradictions were due to his pain medication and his confusion about the questioning. He points out that the Commission reversed the decision of the administrative law judge, who gave credence to his testimony.

We reiterate, as we have many times before, that when reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and uphold those findings if they are supported by substantial evidence. *Roberson v. Waste Management,* 58 Ark. App. 11, 944 S.W.2d 858 (1997). The issue is not whether this court might have reached a different result from that reached by the Commission or whether the evidence would have supported a contrary finding; if reasonable minds could reach the result in the Commission's decision, we must affirm. *Id.* Moreover, this court reviews only the findings of the Commission and ignores those of the administrative law judge. *Crawford v. Pace,* 55 Ark. App. 60, 929 S.W.2d 727 (1996).

Here, the Commission based its decision on the evidence it found credible and of greater weight. We cannot conclude that the Commission's decision failed to display a substantial basis for the denial of the claim.

Affirmed.

BIRD, J., agrees.

AREY, CRABTREE, and ROAF, JJ., concur.

GRIFFEN, J., dissents.

TERRY CRABTREE, Judge, concurring. I concur for the reason stated in my concurrence to *Roberson v. Waste Management,* 58 Ark. App. 11, 15-16, 944 S.W.2d 858, 861-62 (1997).

ANDREE LAYTON ROAF, Judge, concurring. I concur in affirming this case. I do so because the appellant has failed to raise the issue that would allow us to reverse — whether a test that shows only the presence of non-psychoactive metabolites of marijuana sufficiently demonstrates the "presence . . . of illegal drugs" required to invoke the rebuttable presumption provided for in Arkansas Code Annotated § 11-9-102(5)(B)(iv)(b) (Repl. 1996).

This court is mandated to strictly construe workers' compensation statutes. Arkansas Code Annotated § 11-9-709(c)(3) (Repl. 1996). *Stephens v. Millican*, 58 Ark. App. 275, 950 S.W.2d 472 (1997). Surely this mandate would not permit us to equate the presence of a by-product from the breakdown of a drug with the drug itself. The statute is unambiguous — it requires the presence of the drug. It seems hardly necessary to say that "presence" means "current existence" or "immediate proximity in time or place." AMERICAN HERITAGE COLLEGE DICTIONARY 1082 (3d ed. 1993).

It is true that the appellant argued that the presumption that his accident was substantially occasioned by the use of an illegal drug should not be invoked because the test employed was not "reasonable and responsible" as required by Ark. Code Ann. § 11-9-103(5)(b)(iv)(c) (Repl. 1996). His three-prong challenge to the test, however, misses the mark. First, he contends that the test reports are not properly certified, and second, that they do not indicate that the test was done by properly trained personnel. With regard to his third, challenge which goes to the substance of the test, he contends only that urine tests cannot show "impairment" or "intoxication." However, the statute in question does not require a showing of impairment, and this argument is thus beside the point.

Because Graham does not argue that there is no evidence of the presence of the illegal drug, I must concur in an affirmance. Given the fact that the presumption had been invoked, I cannot say that there was not substantial evidence to support the finding that Graham failed to rebut this presumption.

AREY, J., joins.

WENDELL L. GRIFFEN, Judge, dissenting. I dissent from the result announced and the reasoning employed in the majority opinion because it is clear that the appellees did not carry their burden of proving the presence of "illegal drugs" so as to establish the rebuttable presumption created by Ark. Code Ann. § 11-9-102(5)(B)(iv)(b) (Repl. 1997). As I mentioned in my dissenting opinion in *Brown v. Alabama Electric Co.*, 60 Ark. App. 138, 959 S.W.2d 753, (1998), also decided today, there is no evidence in the record showing that marijuana or any other illegal drug was present. There was, therefore, no basis whatsoever for the Commission to hold that appellees had established an evidentiary basis for the rebuttable presumption that appellant's June 13, 1995, injury was substantially occasioned by the use of illegal drugs, and no basis for requiring appellant to rebut the presumption.

The employer and its workers' compensation insurer plainly had the burden of proving the presence of illegal drugs in order to take advantage of the presumption, and the workers' compensation law is unmistakably clear that a party having the burden of proof on an issue must establish it by a preponderance of the evidence. Ark. Code Ann. § 11-9-704(c)(2) (Repl. 1997). Subsection (c)(3) states that administrative law judges, the Commission, and any reviewing courts shall construe the provisions of the workers' compensation law strictly. Subsection (c)(4) provides that in determining whether a party has met the burden of proof on an issue, administrative law judges and the Commission shall weigh the evidence impartially and without giving the benefit of the doubt to any party. Thus, it is remarkable, to say the least, that the majority now affirms the Commission's decision that marijuana was present in appellant's body at the time of his June 13, 1995, injury. The rules of strict construction and burden of proof should be applied to employers and insurance carriers the same way that they are applied to injured workers.

The evidentiary and scientific truth is that no marijuana was proved to be present in appellant's body or at any other relevant site related to his injury and workplace. The only thing that the urine specimen taken from appellant after his injury showed was that marijuana metabolites were present. There is no proof that

marijuana metabolites *are* marijuana, or that marijuana metabolites are even a drug, let alone an "illegal drug." Instead, the only expert opinion evidence came from Dr. Henry Simmons, whose testimony established that marijuana metabolites are by-products produced when the body has metabolized marijuana.

There is a fundamental difference between illegal drugs and other drugs. Illegal drugs are specifically proscribed as such. They are not legal drugs, and they are not non-drugs. Marijuana is an illegal drug in Arkansas and is listed among the controlled substances prohibited by the Arkansas Controlled Substances Act (Ark. Code Ann. § 5-64-101 et seq. (Repl. 1997)). Section 5-64-101(n) defines marijuana as follows:

> "Marijuana" means all parts and any variety and/or species of the plant Cannabis that contains THC (Tetrahydrocannibaninol) whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination.

Nothing in that definition fits the proof in this case. There is no proof that any part, variety, or species of the plant Cannabis that contained THC was present in appellant's body. In fact, Dr. Simmons unequivocally testified that the drug testing simply established that at some past time appellant had been exposed to THC, had absorbed the material, had metabolized it, and was excreting marijuana metabolites that were found in the urine specimen taken from him after his injury. There is no proof that the marijuana metabolites found in appellant's urine specimen contained THC, the principal psychoactive agent in marijuana according to Dr. Simmons' testimony. There is no proof that marijuana metabolites are illegal in Arkansas, or elsewhere, or that they have ever been illegal.

Equally remarkable is that the majority today affirms the Commission's finding that appellees met their burden of proving

the presence of an "illegal drug." Arkansas Code Annotated § 5-64-101(k) (Repl. 1997) contains the following definition of "drug."

> "Drug" means (1) Substances recognized as drugs in the official United States Pharmacopeia, official Homeopathic Pharmacopeia of the United States, or official National Formulary, or any supplement to any of them; (2) Substances intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or animals; (3) Substances (other than food) intended to affect the structure or any function of the body of man or animals; and (4) Substances intended for use as a component of any article specified in clause (1), (2), or (3) of this subsection. It does not include devices or their components, parts, or accessories.

Appellees presented no proof that the marijuana metabolites found in appellant's urine specimen matched any part of this definition, or that marijuana metabolites fit any other definition of "drugs." One would think that adherence to the requirements that the workers' compensation statute be strictly construed and that a party having the burden of proof on any issue be required to meet that burden by a preponderance of the evidence would require, at minimum, some proof showing that marijuana metabolites are drugs, or at least some explanation why no such proof is necessary.

When the Arkansas General Assembly enacted Act 792 of 1993 and included the rebuttable presumption relied upon by appellees, it knew the difference between marijuana and marijuana metabolites. The General Assembly knew the difference between a drug and a by-product produced after a drug has been metabolized. The General Assembly made the rebuttable presumption dependent upon proof by a preponderance of the evidence that an illegal drug, and nothing less, was present in connection with an injury for which workers' compensation benefits are sought. If the General Assembly had intended for the presumption to be triggered by mere proof of substances that are not drugs, such as metabolites, it could have included those substances in § 11-9-102(5)(B)(iv)(b). It did not do so. Instead, it declared that the Commission and reviewing courts are not to lib-

eralize, broaden, or narrow the scope of the workers' compensation statutes. *See* Ark. Code Ann. § 11-9-1001 (Repl. 1997).

I cannot imagine a more flagrant violation of that legislative declaration than the decisions reached in these cases, whereby substances neither proven illegal nor drugs are judicially deemed "illegal drugs" by the Commission and the court of appeals, in the face of plain statutory language requiring that the workers' compensation statutes be strictly construed without giving the benefit of the doubt to any party. If an injury must be substantially occasioned "by the use of illegal drugs" in order to disqualify a worker from receiving workers' compensation benefits, it makes no sense to deny benefits based on that defense when the parties who assert the defense are unable to prove that "illegal drugs" are present, let alone that they substantially occasioned the injury. Therefore, I respectfully dissent.