Eleanor MATTHEWS *v.*
JEFFERSON HOSPITAL ASSOCIATION

CA 98-1308                                        991 S.W.2d 629

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered June 8, 1999

*Philip M. Wilson,* for appellant.

*Ramsay, Bridgforth, Harrelson & Starling LLP,* by: *William M. Bridgforth,* for appellee.

TERRY CRABTREE, Judge. In this workers' compensation case, the appellant, Eleanor Matthews, seeks benefits from the appellee, Jefferson Hospital Association, for bilateral carpal tunnel syndrome. The Commission affirmed the Administrative Law Judge (ALJ) and denied benefits. The Commission found that appellant's injury was not compensable because she failed to prove by a preponderance of the evidence that it arose out of and in the course of her employment with appellee and because it was not the major cause of her disability and need for medical treatment. For reversal, appellant contends that the Commission's findings were not supported by substantial evidence. We affirm.

On March 1, 1981, appellant became employed at Jefferson Hospital in Pine Bluff. After that date, appellant held a number of administrative positions for appellee and began to experience bilateral carpal tunnel syndrome symptoms in February 1996. Appellant came under the care of Dr. John Lytle, an orthopedist, and he performed a carpal tunnel release surgery on appellant's right wrist on December 31, 1996.

The Commission reviewed appellant's work history with appellee and found that she performed several duties from day to day, including answering incoming telephone calls, maintaining all personnel records for employees, handling all filing, interviewing applicants for employment and performing reference checks, completing paperwork and record-keeping for new hires, performing inquiries with nurses' aide registry for prospective employees, keeping daily attendance records for employees, working with Medicaid and Medicare forms, keeping minutes of meetings, handling payroll, traveling to the hospital's main facility, running errands, performing productivity studies, and handling the mail and photocopying. In light of appellant's testimony regarding her job responsibilities, the Commission believed that appellant's typing duties "represented a relatively minor component of her overall work duties."

On appeal, appellant asserts that the Commission lacked substantial evidence to support its decision. In this instance, appellant's argument portion of her brief consisted of only two paragraphs. Within it she offers no convincing argument or relevant citation of authority. We do not consider an assignment of error presented in the brief not supported by convincing argument or authority. *Weeks v. Coca Cola Bottling Co.*, 270 Ark. 151, 604 S.W.2d 566 (Ark. App. 1980).

Furthermore, in her brief, appellant relies upon the ALJ's decision rather than the Commission's findings. On an appeal of a workers' compensation proceeding, the appellate court reviews only the findings of the Commission and ignores those of the ALJ. *Graham v. Turnage Employment Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998).

Affirmed.

PITTMAN and BIRD, JJ., agree.

HART, NEAL, and GRIFFEN, JJ., dissent.

OLLY NEAL, Judge, dissenting. I respectfully dissent from the majority's determination that the Commission's decision must be affirmed because in the majority's opinion appellant "offers no convincing argument or citation of authority." While the brevity of the appellant's argument causes some concern, such concern is overshadowed by the glaring error present in the Commission's decision. I believe appellant made the most convincing argument in her sole argument on appeal, *i.e.*, that the Commission erred in finding that she failed to meet her burden of proof.

The Commission wrote that it was deciding the merits of appellant's claim pursuant to the standard set forth in *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998). Prior to the *Kildow* opinion, the decisions of this court required that a claimant who alleged work-related carpal tunnel syndrome prove by a preponderance of the evidence that the work engaged in consisted of rapid repetitive motion. We held that the repetitive requirement was satisfied where multiple tasks were performed. *See Lay v. United Parcel Serv.*, 58 Ark. App. 35, 944 S.W.2d 867 (1997). The supreme court rejected our analysis in *Kildow*, and concluded that carpal tunnel syndrome is specifically categorized as a compensable injury and not as a type of rapid repetitive motion. The court also listed the factors that a claimant must satisfy to be awarded benefits for his/her injury: (1) that the injury arose out of and in the course of employment; (2) objective medical evidence that the injury is compensable; and, (3) that the injury is the major cause of the disability or need for treatment. The Commission held that the appellant did not show that she sustained an injury arising out of and in the course of her employment. However, the Commission supplied the following rationale for its decision:

In the present case, we find that the claimant failed to show by the greater weight of the evidence that she sustained carpal tunnel syndrome arising out of and in the course of her employment with the respondent. In reaching that decision, we note that Dr. Lytle has opined that the claimant's injury is causally related to a long-term history of employment as a *typist*. However, in assessing the weight to be accorded Dr. Lytle's opinion in this regard, we understand Dr. Lytle to be under the impression that the claimant engaged in some form of hand intensive job duties(as a typist) for the respondent. However, our review of the claimant's work history as brought out by her hearing testimony indicates that since some time in 1992, the claimant has actually been assigned as a receptionist/assistant to the administrator of the Davis Life Care Facility. In that capacity, claimant's work activities have included (1) answering all incoming telephone calls to the Davis Facility; (2) maintaining all personnel records for the employees at the Davis Facility; (3) handling all filing for the Davis Facility; (4) interviewing applicants and performing reference checks on applicants seeking employment at the Davis Facility; (5) completing all paper work and record keeping for new hires at the Davis Facility; (6) performing inquiries with the nurses' aide registry for prospective employees; (7) keeping daily attendance records for employees at the Davis Facility; (8) working with Medicaid and Medicare forms required by the Davis Facility; (9) keeping minutes of all meetings conducted at the Davis Facility; (10) handling payroll for the employees at the Davis Facility; (11) traveling by automobile to the hospital's main facility to pick up and drop off items on a regular basis; (12) regularly "running errands" also consisting of traveling by automobile to doctor's offices or other locations; (13) performing the productivity studies for the Davis Facility; and (14) handling the mail and photocopying requirements for the Davis Facility. Moreover, we understand from the claimant's testimony that typing duties actually represented a relatively minor component of her overall work duties (the claimant testified that typing duties actually represented 25% to 40% of her time), and we therefore find that Dr. Lytle's opinion is based on a misunderstanding of the claimant's actual work duties at the Davis Facility. Moreover, we find that the greater weight of the credible evidence indicates that the claimant's work-related duties were not hand intensive to a

. sufficient degree to establish that the fourteen duties indicated above caused an injury arising out of and in the course of the claimant's employment for the respondent.

It is this portion of the Commission's opinion that reflects the manner in which the Commission reached its decision that gives me great cause for concern. The Commission's reasoning bears a striking resemblance to that employed by this court in decisions prior to the supreme court's *Kildow* opinion. *See, e.g., Baysinger v. Air Systems, Inc.*, 55 Ark. App. 174, 934 S.W.2d 230 (1996). As stated earlier, since *Kildow*, claimants no longer have to show that their work involved rapid repetitive motion in claims for disability related to carpal tunnel syndrome. My concern is that the Commission appears to have applied the incorrect standard for evaluating the compensability of a carpal tunnel syndrome claim, where it lists appellant's various duties in determining whether her condition arose out of and in the course of her duties. The manner in which the Commission chose to analyze the compensability of appellant's claim bears more than striking resemblance to the multiple-tasks analysis this court applied to carpal tunnel claims prior to *Kildow*.

I am also puzzled as to why the Commission would conclude that Dr. Lytle's opinion should be afforded little weight because he related the appellant's carpal tunnel to her history of being a typist. Dr. Lytle made the following findings regarding appellant's carpal tunnel syndrome diagnosis:

> This is, in my opinion, a work related problem from her long-term history of being a typist. This is a classic example of a problem developed insidiously that she did not recognize nor have a cause or reason for. She did not understand or know the diagnosis of carpal tunnel prior to these findings. She realized that there was something wrong with her hand and had not made all of the appropriate connections.

The Commission's findings accurately reflect the testimony given by appellant that 25% to 40%, or two to three hours a day of her time was spent typing. Appellant testified that she did not engage in any activities outside of work, such as knitting, crocheting, or

anything other than her work for appellee. Here, the Commission seems to once again focus on the repetitive nature of appellant's work activities in suggesting that the percentage of time she spent typing in a typical work day was not sufficiently hand-intensive to produce carpal tunnel syndrome. That is simply not what the law requires a claimant to prove.

Even more puzzling to me is the following finding of the Commission:

> Consequently, we find that the claimant failed to establish that her carpal tunnel syndrome arose out of and in the course of her employment. In reaching this conclusion, we also note that the claimant participated in exercise at the health club known as the "Wellness Center" in 1994, and at that time experienced numbness in her fingers similar to the numbness experienced as a result of the alleged work-related carpal tunnel syndrome that was diagnosed in 1996. In this regard, we note that Dr. Lytle's opinion makes no reference whatsoever to the claimant's 1994 symptoms which she experienced while exercising at a health club.

With regard to this finding, appellant testified that she "walked" on a track at the Wellness Center. She did not testify, nor was there any evidence presented, that she performed exercises that required the use of her hands while at the Wellness Center.

Because I believe that the Commission evaluated the compensability of appellant's claim using the incorrect standard, I would reverse and remand this matter.

HART and GRIFFEN, JJ., join in this dissent.