Eleanor MATTHEWS *v.*
JEFFERSON HOSPITAL ASSOCIATION

99-749                                                14 S.W.3d 482

Supreme Court of Arkansas
Opinion delivered April 13, 2000

*Philip M. Wilson*, for appellant.

*Ramsay, Bridgforth, Harrelson & Starling, LLP*, by: *William M. Bridgforth*, for appellee.

DONALD L. CORBIN, Justice. ■ Appellant Eleanor Matthews appeals the decision of the Arkansas Workers' Compensation Commission denying her claim for benefits for bilateral carpal tunnel syndrome from her employer, Appellee Jefferson Hospital Association. The Commission found that Appellant failed to prove by a preponderance of the evidence that her injury arose out of and in the course of her employment with Appellee, and that a work-related injury was the major cause of her disability and need for medical treatment. The Arkansas Court of Appeals affirmed the Commission's decision, by a tie vote, in *Matthews v. Jefferson Hospital Ass'n*, 67 Ark. App. 55, 991 S.W.2d 629 (1999). We granted Appellant's petition for review of that decision pursuant to Ark. Sup. Ct. R. 1-2(e)(i). When we grant review following a decision by the court of appeals, we review the case as though it had been originally filed with this court. *Burlington Indus. v. Pickett*, 336 Ark. 515, 988 S.W.2d 3 (1999). We affirm the Commission's decision.

■ In appeals involving claims for workers' compensation, we view the evidence in a light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence. *Id.*; *Ester v. National Home Ctrs., Inc.*, 335 Ark. 356, 981 S.W.2d 91 (1998). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Williams v. Prostaff Temps.*, 336 Ark. 510, 988 S.W.2d 1 (1999). There may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we had sat as the trier of fact or heard the case *de novo*. *Brower Mfg. Co. v. Willis*, 252 Ark. 755, 480 S.W.2d 950 (1972). *See also Arnold v. Tyson Foods, Inc.*, 64 Ark. App. 245, 983 S.W.2d 444 (1998). In other words, we will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not

have reached the conclusion arrived at by the Commission. *Pickett,* 336 Ark. 515, 988 S.W.2d 3; *Ester,* 335 Ark. 356, 981 S.W.2d 91. With this standard in mind, we examine the Commission's findings.

The Commission's opinion reflects that Appellant first became employed with Appellee on March 1, 1981. She held a number of administrative positions with Appellee over the years. At the time of her claim, Appellant was employed as a receptionist and assistant to the administrator of the Davis Life Care Facility. She had held that position since August 1992. While employed at the Davis Facility, Appellant sought workers' compensation benefits for symptoms of bilateral carpal tunnel syndrome that she reportedly began experiencing in February 1996. Appellant ultimately came under the care of Dr. John Lytle, an orthopedist. Dr. Lytle diagnosed Appellant as having bilateral carpal tunnel syndrome. He also observed a cystic-type mass in one of her hands. Dr. Lytle performed carpal-tunnel-release surgery on Appellant's right wrist on December 31, 1996. The medical evidence submitted to the Commission consisted of a letter to Appellant's counsel from Dr. Lytle and five office notes recorded by Dr. Lytle. In an office note dated January 9, 1997, Dr. Lytle wrote: "This is, in my opinion, a work-related problem from her long-term history of being a typist."

A hearing was held before the administrative law judge (ALJ) on April 16, 1997. In a September 2, 1997 opinion, the ALJ denied Appellant's claim on the ground that she failed to demonstrate that she sustained a compensable injury established by objective medical evidence. Appellant then appealed to the Commission.

After conducting a *de novo* review of the entire record, the Commission concluded that Appellant "failed to show by the greater weight of the credible evidence that she sustained carpal tunnel syndrome arising out of and in the course of her employment" with Appellee. The Commission found that Dr. Lytle's opinion that her injury was causally related to a long-term history of employment as a typist was based on an erroneous impression that Appellant engaged in some form of hand-intensive job duties for Appellee. In making this finding, the Commission relied on Appellant's testimony that she performed various work activities at the Davis Facility including answering telephone calls; handling all filing, photocopying, payroll, and personnel records; interviewing applicants; keeping minutes of all meetings; working with Medicare

and Medicaid forms; and running various errands for the facility. The Commission also pointed to Appellant's testimony that only twenty-five to forty percent of her time was spent typing. The Commission thus found that Dr. Lytle's opinion regarding the etiology of Appellant's injury was based on a misunderstanding of her actual work duties at the Davis Facility.

The Commission also relied on inconsistencies in Appellant's testimony regarding the onset of her symptoms. On direct examination, Appellant testified that she first experienced pain and numbness in her right arm and hand in February 1996, while she was at home laying in bed. On cross-examination, however, Appellant testified that she had previously felt numbness in her right hand in 1994, while exercising at a health club. Dr. Lytle's opinion made no reference to Appellant's 1994 symptoms, leading the Commission to infer that his diagnosis was not based on an accurate history. The Commission thus concluded that Dr. Lytle's opinion was entitled to very little weight.

The court of appeals affirmed the Commission's decision primarily on the basis that Appellant's argument, which consisted of only two paragraphs, failed to cite any convincing argument or relevant citation of authority. Additionally, the court of appeals noted that Appellant's brief erroneously relied on the ALJ's findings rather than the findings of the Commission.

■■ On review to this court, Appellant's argument is again only two paragraphs long.[1] The only legal authority cited by Appellant does not provide any support for her argument; rather, it merely sets out the relevant standard of review. Thus, given the lack of any convincing argument or legal authority, we, too, affirm the Commission's decision. We have stated on occasions too numerous to count that we will not consider the merits of an argument if the appellant fails to cite any convincing legal authority in support of that argument, and it is otherwise not apparent without further research that the argument is well taken. *See, e.g., Womack v. Foster,* 340 Ark. 124, 8 S.W.3d 854 (2000); *National Bank of Commerce v. Dow Chem. Co.,* 338 Ark. 752, 1 S.W.3d 443 (1999). Moreover, as

---

[1] Pursuant to Ark. Sup. Ct. R. 2-4, when a petition for review is granted, the parties are required to file fourteen additional copies of the briefs previously submitted to the court of appeals. Additionally, any party may request permission to submit a supplemental brief. No such request was made by Appellant here.

noted by the court of appeals, Appellant's argument challenges only the findings of the ALJ, not those made by the Commission. The ALJ's findings are irrelevant for purposes of this appeal, as we are required by precedent to review only the findings of the Commission and ignore those of the ALJ. *See, e.g., Scarbrough v. Cherokee Enters.*, 306 Ark. 641, 816 S.W.2d 876 (1991); *Graham v. Turnage Empl. Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998); *Crawford v. Pace Indus.*, 55 Ark. App. 60, 929 S.W.2d 727 (1996). We thus affirm the Commission's decision.

BROWN and THORNTON, JJ., dissent.

SMITH, J., not participating.

ROBERT L. BROWN, Justice, dissenting. The majority avoids resolution of this case on technical grounds, even though the critical issue presented in this case is squarely before us. Ms. Matthews makes these points in the argument portion of her appellant's brief:

1. The test for affirmance of the Commission's opinion is substantial evidence, and there is no credible evidence supporting the Commission's findings.

2. The Administrative Law Judge found that Ms. Matthews's job duties involved rapid, repetitive motion.[1]

3. Dr. Lytle's findings constitute objective findings of carpal tunnel syndrome.

4. Dr. Lytle's surgery removed Matthews's symptoms of carpal tunnel syndrome.

5. The decision of the full Commission should be reversed.

Though she employs an economy of words, the argument she mounts is sufficient for this court to address the issue of whether the Commission's decision is supported by substantial evidence.

I would reverse the Workers' Compensation Commission's denial of benefits in this case. Try as I might, I can find no evidence

---

[1] The decision of the ALJ denying the claim was reached before this court decided *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998).

to support a conclusion that Ms. Matthews's carpal tunnel syndrome arose out of any conduct other than her typing at work.

Her testimony before the Administrative Law Judge evidenced this work history:

| | | |
|---|---|---|
| •Human Resources Department | 1989-1990 | Typed 3 to 4 hours a day |
| •Respiratory Therapy | 1990-1992 | Typed 5 to 6 hours a day |
| •Davis Care Facility | 1992-1996 | Typed 2 to 3 hours a day |

That Ms. Matthews suffered from carpal tunnel syndrome is not an issue. It is a given. Nor is the fact that Ms. Matthews did considerable typing at work for over seven years an issue. The only questions before the Commission were whether her condition arose out of her employment and whether her condition was established by objective medical findings. *See Kildow v. Baldwin Piano & Organ,* 333 Ark. 335, 969 S.W.2d 190 (1998). This brings into play the testimony of Dr. John O. Lytle, Ms. Matthews's surgeon, who concluded in his medical reports that her "long history of being a typist" rendered her carpal tunnel syndrome a work-related problem. In a split decision with one member dissenting, the Commission dismissed Dr. Lytle's opinion out of hand because it said that Dr. Lytle "misunderstood" Ms. Matthews's work duties. The reason for this dubious conclusion is that she did tasks in addition to typing in her last employment at Davis Care Facility. Those other tasks included answering the telephone, filing, paperwork, interviewing, and running errands. Even still, her typing duties between 1992 and 1996, according to the Commission, comprised 25% to 40% of her work time. Why the Commission concluded that her carpal tunnel syndrome did not arise from typing at work simply because she had other duties to perform is beyond me.

Next, the majority and the Commission make much out of the fact that on cross-examination Ms. Matthews testified that she experienced pain and numbness in her right hand while walking on a track at the Wellness Center in 1994. On direct examination, she had testified that in February 1996, she would lie in bed and her right arm would go numb, and she would have pain shoot from the top part of her right shoulder down through her right arm and

hand. Her right hand, she testified, would go completely numb, and she would wake up and have to shake it in order to go back to sleep. In November 1996, the pain had become so bad that she went to see Dr. Lytle, after conferring with her supervisor. To me, this describes the gradual progression of an insidious ailment from 1994 to 1996. What other explanation is there? The time in which her condition began to manifest itself is certainly not evidence that her condition was caused by anything other than typing. Nor does it diminish her credibility in any way that I can see.

The Jefferson Hospital Association counters in its brief that Ms. Matthews did much less typing than the average secretary and engaged in other work activities. Thus, it concludes that her carpal tunnel syndrome is not work related, and it hypothesizes that a cystic mass may have caused it. There is absolutely no proof in the record that the mass caused the carpal tunnel syndrome, and this was certainly not Dr. Lytle's opinion. He concluded that her condition was caused by her typing. Nor is there proof offered by the Association of any other cause of the carpal tunnel syndrome other than typing.

I agree with Ms. Matthews that substantial evidence supporting a Commission's decision must involve some credible evidence. The Commission dismissed Dr. Lytle's opinion after speculating that he must not have known what she really did on the job. Using this springboard, the Commission then lept to the conclusion that the injury was not work related. More must be shown to invalidate this claim in my judgment. I am convinced that fair-minded persons would not have reached the same conclusion as the Commission. For these reasons, I respectfully dissent.

THORNTON, J., joins.