John Dan Kemp, Chief Justice, dissenting.
I respectfully dissent. In my view, there is substantial evidence to support the Commission's decision that Morgan was an employee and not an independent contractor at the time of his injury.
There is no hard and fast rule for determining whether a workers'-compensation claimant is an employee or an independent contractor. See Moore v. Long Bell Lumber Co. , 228 Ark. 345, 307 S.W.2d 533 (1957). Each case must be determined on the facts presented. See, e.g. , Kistner v. Cupples , 2010 Ark. 416, 372 S.W.3d 339. In this case, some facts weigh in favor of employee status, while other facts weigh in favor of independent-contractor status. A decision either way would have been supported by substantial evidence.
*581 But the issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding. See, e.g. , Matthews v. Jefferson Hosp. Ass'n , 341 Ark. 5, 14 S.W.3d 482 (2000) ; Minn. Mining & Mfg. v. Baker , 337 Ark. 94, 989 S.W.2d 151 (1999). If reasonable minds could reach the result found by the Commission, the appellate court must affirm the decision. E.g. , Cedar Chem. Co. v. Knight , 372 Ark. 233, 273 S.W.3d 473 (2008). Under the facts of this case, I believe that reasonable minds could reach the result found by the Commission. Accordingly, I would affirm.
Goodson and Wynne, JJ., join this opinion.