SMITH-BLAIR, INC., and Pacific Employers Insurance
Company *v.* Cal L. JONES

CA 01-1068                                72 S.W.3d 560

Court of Appeals of Arkansas
Division I
Opinion delivered May 1, 2002

*Hart, Shaw & Freeze, L.L.P.*, for appellants.

*Garnet E. Norwood*, for appellee.

OLLY NEAL, Judge. This is an appeal from the Workers' Compensation Commission (Commission), reversing the decision of the administrative law judge (ALJ) and awarding appellee additional benefits. On appeal, appellants argue that the Commission erred in holding that Cal Jones is entitled to addi-

tional benefits because the decision is not supported by substantial evidence. We affirm.

The facts are as follows. Appellee Cal Jones was employed with appellant Smith Blair when he injured his right wrist on December 1, 1998, while testing and loading water meters at its, Texarkana, Arkansas, plant. Dr. Mark Gabbie, the initial treating physician, referred Jones to Dr. Hamlin, who then referred Jones to Dr. Frazier for surgery.

Dr. Frazier diagnosed appellee with having a painful ulna styloid nonunion right wrist and recommended he undergo surgery, which was performed on April 2, 1999. On April 10, 1999, Dr. Frazier released appellee to return to work. When appellee returned to work, he was unable to perform his job duties for more than two hours due to the pain in his right upper extremity. On April 28, 1999, appellee requested a change of physicians. The request was denied, but appellee filed a request for a hearing. The ALJ, following the August 6, 1999 hearing, concluded that appellee was entitled to a change of physician and selected Dr. DeHaan, a Texarkana orthopedic surgeon.

After several examinations, Dr. DeHaan diagnosed appellee with having a nonunion ulna styloid fracture and a congenital ulna positive wrist. Dr. DeHaan recommended an ulna shortening procedure. After the procedure was performed, Dr. DeHaan recommended that appellee undergo physical therapy. Appellants refused to pay for the therapy, and appellee filed a claim requesting additional temporary total disability. The ALJ determined that appellee failed to prove by a preponderance of the evidence that he was entitled to additional medical treatment or benefits for temporary total disability. The Commission reversed the ALJ's finding, and this appeal follows.

In reviewing a decision of the Commission, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *Smith v. County Market/Southeast Foods*, 73 Ark. App. 333, 44 S.W.3d 737 (2001); *Campbell v. Randal Tyler Ford Mercury*, 70 Ark. App. 35, 13 S.W.3d 916 (2000). The question is not whether the evidence would have supported findings contrary to those made by

the Commission, but only whether the Commission's decision is supported by substantial evidence. *Matlock v. Blue Cross Blue Shield*, 74 Ark. App. 322, 49 S.W.3d 126 (2001). Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). If reasonable minds could reach the result found by the Commission, we must affirm the decision. *Wal-Mart Stores, Inc. v. Brown*, 73 Ark. App. 174, 40 S.W.3d 835 (2001).

■ ■ It is well settled that the employer takes an employee as he finds him. *Oliver v. Guardsmark, Inc.*, 68 Ark. App. 24, 3 S.W.3d 336 (1999). An aggravation is a new injury resulting from an independent incident. *Crudup v. Regal Ware, Inc.*, 341 Ark. 804, 20 S.W.3d 900 (2000). Being a new injury with an independent cause, an aggravation must meet the requirements for a compensable injury. *Id.* To sustain a compensable injury, one must prove by a preponderance of the evidence that (1) the injury arose out of and in the course of the employment, (2) the injury caused internal or external physical harm to the body that required medical services or resulted in disability or death, and (3) the injury was a major cause of the disability or need for treatment. *Id.*

■ Whether there is a causal connection between the injury and a disability and whether there is an independent intervening cause are questions of fact for the Commission to determine. *Oak Grove Lumber v. Highfill*, 62 Ark. App. 42, 968 S.W.2d 637 (1998). Further, a compensable injury must be established by medical evidence supported by objective findings. *Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001). Medical opinions addressing compensability must be stated within a reasonable degree of medical certainty. *See Crudup, supra.* Speculation and conjecture cannot substitute for credible evidence. *Dena Constr. Co. v. Herndon*, 264 Ark. 791, 575 S.W.2d 155 (Ark. App. 1980).

Appellants contend that there are four basic reasons the evidence is not substantial to support the Commission's finding that appellee is entitled to additional benefits. First, appellants argue that appellee was ordered to return to work by Dr. Frazier follow-

ing his surgery without restrictions and that Dr. Frazier is the physician best qualified to examine appellee; thus, because Dr. Frazier found no impairment to his right upper extremity or right wrist, appellee was able to return to work. Further, appellants argue that because Dr. Frazier, in his June 29, 1999, report, opined that appellee could return to work, his healing period ended on June 29, 1999.

■ ■ A claimant who has suffered a scheduled injury is entitled to benefits for temporary total disability during his healing period or until he returns to work. Ark. Code Ann. § 11-9-521(a) (Supp. 1999); *see also Wheeler Constr. Co. v. Armstrong, supra.* The "healing period" continues until the employee is as far restored as the permanent character of his injury will permit, and there is nothing further in the way of treatment that will improve that condition. *Jordan v. Tyson Foods, Inc.,* 51 Ark. App. 100, 911 S.W.2d 593 (1995); *Mad Butcher, Inc. v. Parker,* 4 Ark. App. 124, 628 S.W.2d 582 (1982).

■ Appellee attempted to return to work; however, he suffered severe pain when he went back to work. Thereafter, Jones requested that he be allowed to see another physician. He was eventually seen by Dr. DeHaan, who later diagnosed appellee with another condition that was causing his continued pain. Dr. DeHaan diagnosed a congenital ulna positive wrist condition that he opined was aggravated by claimant's injury. In his deposition, Dr. DeHaan stated, "I think whatever injury he had aggravated or injured that thing which he was born with or that deformity which he was born with." The Commission recognized that only Dr. DeHaan diagnosed appellee's condition and opined that it was aggravated by and causally related to his employment. It therefore found that appellee proved that the aggravation to his congenital ulna positive wrist condition was job-related and compensable. We agree.

■ ■ Second, appellants argue that evidence is not substantial to support the Commission's finding that appellee is entitled to additional benefits because appellee did little to further his rehabilitation and instead primarily relied on obtaining pain control medications. Appellants outline appellee's medical records

chronologically in an effort to show that appellee was, in essence, addicted to pain medication, and failed to complete the necessary therapy to rehabilitate himself. They rely on the fact that Dr. Frazier prescribed no pain medication when he released Jones to return to work; nor did Dr. Gabbie when he saw appellee in July. However, Dr. DeHaan noted that claimant had a legitimate reason for his continued pain and there is no indication in the medical records that his efforts to relieve pain with prescription medication was unreasonable or excessive. We note that the Commission is not required to believe the testimony of any witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Arnold v. Tyson Foods, Inc.*, 64 Ark. App. 245, 983 S.W.2d 444 (1998). Also, this argument lacks any citation to authority, and we will not consider the merits of an argument when an appellant fails to cite any convincing legal authority in support of that argument, and it is otherwise not apparent without further research that the argument is well taken. *Matthews v. Jefferson Hosp. Assoc.*, 341 Ark. 5, 14 S.W.3d 482 (2000).

Third, appellants contend that after his surgery, appellee exhibited a lack of effort at rehabilitation and failed to follow the orders of his physician. Appellants recount the record of physical therapy sessions that appellee either canceled or did not complete as evidence of his lack of effort. Appellants also point to the fact that it was recommended that appellee undergo a home program and that there is no evidence that appellee even attempted the program. However, as the Commission correctly points out, "there is no evidence that Jones tried to implement the home therapy, but there is likewise no evidence that claimant has not tried it either."

Finally, appellants argue that "appellee's credibility is questionable and inconsistent." Appellants fail to recognize that questions of credibility and the weight and sufficiency to be given evidence are matters within the province of the Commission. *Swift-Eckrich, Inc. v. Brock*, 63 Ark. App. 188, 975 S.W.2d 857 (1998). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems

worthy of belief. *Arnold v. Tyson Foods, Inc.*, 64 Ark. App. 245, 983 S.W.2d 444 (1998). Furthermore, it is well established that it is within the Commission's province to weigh all the medical evidence and to determine what is most credible. *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). The Commission is entitled to review the basis for a doctor's opinion in deciding the weight and credibility of the opinion and medical evidence. *Maverick Transp. v. Buzzard*, 69 Ark. App. 128, 10 S.W.3d 467 (2000).

We affirm.