## Judy MICHAEL *v.* KEEP & TEACH, INC.

CA 03-978                                   185 S.W.3d 158

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered June 16, 2004

*Kenneth E. Buckner*, for appellant.

*Michael E. Ryburn*, for appellee.

J ОНN B. Robbins, Judge. Appellant Judy Michael appeals the decision of the Arkansas Workers' Compensation Commission. Appellant contends that the Commission's decision, denying her claim for the nine percent permanent anatomic impairment rating given by her treating physician, is not supported by substantial evidence. Due to the Commission's failure to render findings and draw a conclusion on the issue presented and litigated, we reverse and remand for additional findings of fact, conclusions of law, and such further proceedings as may be needed to comply with our opinion.

Appellant is the Director of the Keep & Teach Daycare located in Sheridan, Arkansas. She injured her back on Friday, August 24, 2001, while she was holding a child. The child was trying to break free, when appellant "popped" her back. The pain that appellant experienced over the weekend caused her to visit a physician on Monday. Her physician, Dr. Clyde Paul, diagnosed her condition as a lumbar strain. Appellant continued to experience pain, so she went to the emergency room. She underwent a magnetic resonance imagery (MRI) study and was referred to Dr. Sunder Krishnan, a neurosurgeon. After the employer's claim representative suggested that she visit Dr. Cathey for a second opinion, appellant went to Dr. Cathey one time on January 8, 2002. After meeting with Dr. Cathey, appellant returned to Dr. Krishnan for therapy. She was treated by Dr. Krishnan until he released her in April 2002. Dr. Krishnan signed a form stating that the appellant had a nine percent impairment rating to the body that

was more than fifty percent related to the injury at work. Dr. Cathey stated that he did not believe appellant sustained any impairment as a result of the August 24, 2001, injury. The administrative law judge denied her claim, and appellant appealed. The Commission adopted the administrative law judge's decision, found that appellant "failed to demonstrate by a preponderance of the evidence that the compensable injury was the major cause of the permanent disability or need for treatment (9% permanent impairment rating)," and denied her claim. This appeal followed.

■ We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if the findings are supported by substantial evidence. The Commission's decision will not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Superior Indus. v. Thomaston,* 72 Ark. App. 7, 32 S.W.3d 52 (2000). However, where it is clear what the appropriate law is but the Commission fails to apply the law to the facts of the case, it is appropriate to reverse and remand. *See, e.g., Westside High School v. Patterson,* 79 Ark. App. 281, 86 S.W.3d 412 (2002) (reversing and remanding, stating that "the Commission must apply the appropriate law to the evidence before it to reach a conclusion.")

We hold that the Commission erred in not rendering a conclusion of law on the only issue presented by the parties: whether appellant proved entitlement to the permanent partial impairment rating. The ALJ set forth the issue to be litigated as follows:

> Is claimant entitled to a permanent impairment rating of 9% to the whole body (respondent says that claimant is not entitled to any permanent impairment rating)?

This issue is reiterated and addressed in the discussion portion of the ALJ's opinion. Nevertheless, the conclusion of law specifically states that appellant failed to prove entitlement to *permanent disability or the need for treatment* because she did not prove that the compensable injury was the major cause therefor.

Arkansas Code Annotated sections 11-9-104(F)(ii)(a) and (b) (Supp. 2002) state:

> (a) Permanent benefits shall be awarded only upon a determination that the compensable injury was the major cause of the disability or impairment.

(b) If any compensable injury combines with a preexisting disease or condition or the natural process of aging to cause or prolong *disability* or a need for treatment, permanent benefits shall be payable for the resultant condition only if the compensable injury is the major cause of the permanent *disability* or need for treatment.

(Emphasis added.) Arkansas Code Annotated section 11-9-102(14)(A) (Supp. 2002), defines a major cause to be more than fifty percent of the cause.

We hold that the Commission's decision is based on a flawed application of Ark. Code Ann. § 11-9-102(F)(ii). Although the Commission's opinion appropriately examined appellant's claim regarding the issue before it of permanent impairment, the Commission's conclusions addressed whether the compensable injury was the major cause of the permanent disability or need for treatment. We cannot perform appellate review until the issue raised and litigated is answered by the Commission.[1]

This error is made more evident because a finding on entitlement to disability is premature without appellant first proving entitlement to some impairment rating. Arkansas Code Annotated section 11-9-102(8) (Supp. 2002) defines disability as "incapacity because of compensable injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the compensable injury." In *Wren v. Sanders Plumbing Supply*, 83 Ark. App. 111, 117 S.W.3d 657 (2003), we cited *Wal-Mart Stores, Inc. v. Connell*, 340 Ark. 475, 10 S.W.3d 727 (2000), for the proposition that the percentage of a claimant's permanent physical impairment must be established before the

---

[1] In response to the dissenting judges, we must point out where we are in agreement. First, we agree that the correct "issue" was brought forward to the ALJ, the Commission, and framed to us on appeal, which was entitlement to the impairment rating. Second, we also agree that on appeal from a decision from the Commission, we perform a substantial-evidence review to determine if the findings of fact support the conclusion of law to grant or deny benefits. Where we differ is that, at present, the question of law went unanswered. The statutory law, as cited by the Commission and the ALJ, is inapplicable to the issue as framed and the facts as found. Permanent disability and need for treatment are not at issue. To offer an appellate opinion about whether the findings of fact constitute substantial evidence to support denial of this claim for an impairment rating, where no such conclusion of law has yet been made, is premature.

Commission can consider a claim for permanent partial-disability benefits in excess of the impairment. *See also* Ark. Code Ann. § 11-9-522(b)(1) (Repl. 2002).

■ In short, we hold that the Commission's decision to deny appellant's claim is based on an incorrect application of Ark. Code Ann. § 11-9-102(4)(F)(ii). Accordingly, we reverse that decision and remand the case so that the Commission can make appropriate findings of fact and conclusions of law for us to review.

Reversed and remanded.

HART and ROAF, JJ., agree.

GRIFFEN, J., concurs.

NEAL and CRABTREE, JJ., dissent.

OLLY NEAL, Judge, dissenting. I dissent in the reversal and remand of this case. The majority has determined that the Commission erred due to its incorrect application of Ark. Code Ann. § 11-9-102(4)(F)(ii)(b). The application of this statute was not the issue appellant brought before us; instead, the issue as framed by the appellant was "whether the finding of the Commission that the Appellant is not entitled to a permanent partial impairment rating of 9% to the whole body is supported by substantial evidence."

This is not an instance in which we have *de novo* review; our standard of review is that of substantial evidence. In denying permanent anatomical benefits, the Commission did not find that Ms. Michael was not permanently anatomically impaired. Rather, it determined that the compensable injury was not the major cause of any permanent impairment.

A claimant must prove a specific percentage of permanent impairment before he is eligible for permanent disability and wage-loss benefits, *Wren v. Sanders Plumbing Supply*, 83 Ark. App. 111, 117 S.W.3d 657 (2003), and here, the Commission's opinion displays a substantial basis for its denial of Ms. Michael's claim for permanent anatomical benefits. Although Dr. Krishnan determined that appellant's work-related injury was more than fifty percent of the cause of her impairment, Dr. Cathey determined that appellant's condition was due to degenerative changes preexisting her injury. A compensable injury must be established by medical evidence supported by objective findings, and medical opinions addressing compensability must be stated within a rea-

sonable degree of medical certainty. *See Smith-Blair, Inc. v. Jones*, 77 Ark. App. 273, 72 S.W.3d 560 (2002). Speculation and conjecture cannot substitute for credible evidence. *Id.* Further, the Commission has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict. *Jim Walter Homes Travelers Ins. v. Beard*, 82 Ark. App. 607, 120 S.W.3d 160 (2003). While there was conflicting medical evidence in this case, it is well settled that it is the Commission's duty to resolve such conflicts. *Polk County v. Jones*, 74 Ark. App. 159, 47 S.W.3d 904 (2001).

In this instance, the Commission's determination turned on its view of Dr. Krishnan's credibility and the weight to be given the evidence. The Commission specifically noted that appellant failed to demonstrate by a preponderance of the evidence that the compensable injury was the major cause of the permanent disability or need for treatment. I believe the Commission's decision displays a sufficient basis for the denial of the claim. There is no evidence in the record that supports the impairment rating given by Dr. Krishnan. Furthermore, no objective finding is in the record to support the impairment rating given. Accordingly, I would have affirmed this case based on the issue appellant brought before us.

I am authorized to state that Judge Crabtree joins me in this dissent.