James LIAROMATIS *v.*
BAXTER COUNTY REGIONAL HOSPITAL,
Risk Management Resources, Second Injury Fund

CA 05-1096                                          236 S.W.3d 524

Court of Appeals of Arkansas
Opinion delivered May 24, 2006

*Frederick S. "Rick" Spencer* for appellant.

*Walter A. Murray*, for appellee.

KAREN R. BAKER, Judge. Appellant James Liaromatis appeals the decision of the Arkansas Workers' Compensation Commission denying him benefits for a low-back injury sustained on July 26, 1999, lifting a patient while working as a paramedic for appellee. He argues that the Commission's finding that he failed to prove the existence of an injury by medical evidence is contrary to the law and not supported by substantial evidence. We find no error and affirm.

Appellant was employed by Baxter County Regional Hospital as a paramedic for approximately fourteen years. On July 26, 1999, appellant was working for appellee when he responded to a call at a gas station where a man had fallen. The injured man had

fallen in an awkward position between two poles, and appellant was not able to use proper back mechanics when he lifted the man. During the lift, he experienced a tearing sensation and a pop in his back. Appellant had a prior history of back problems including two prior injuries to his back in the course of his employment with the same employer.

The Commission, adopting the opinion of the Administrative Law Judge, found appellant's description of his symptom onset to be credible and agreed that the medical records contained objective medical findings supporting the existence of an injury. The medical evidence relied upon by appellant included an MRI showing a small central disk protrusion at L4-5. However, the Commission found it was constrained on the record to find that appellant failed to establish the existence of new objective findings in the medical documentation cited. The Commission relied upon the testimony of Dr. Matt Wilson who reviewed appellant's 1999 MRI performed after the July 26, 1999, incident and a 1996 CT scan of his lumbosacral spine. Dr. Wilson opined that a comparison of the two diagnostics indicated that the findings in 1999 were unchanged from the findings in 1996.

Similarly, Dr. Anthony McBride testified that there was no diagnostic test showing any differences before and after the 1999 alleged injury. While Dr. McBride assigned appellant a three-percent impairment rating for his 1999 injury, he conceded that he based this impairment rating on pain levels, and not on any diagnostic test results because the test results were unchanged before and after the 1999 injury.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979); *Crossett Sch. Dist. v. Gourley*, 50 Ark. App. 1, 899 S.W.2d 482 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; even if a preponderance of the evidence might indicate a contrary result, if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *St. Vincent Infirmary Med. Ctr. v. Brown*, 53 Ark. App. 30, 917 S.W.2d 550

(1996). The Commission is required to weigh the evidence impartially without giving the benefit of the doubt to any party. *Keller v. L.A. Darling Fixtures*, 40 Ark.App. 94, 845 S.W.2d 15 (1992).

The Commission also has the duty of weighing the medical evidence as it does any other evidence. *Roberson v. Waste Management*, 58 Ark. App. 11, 944 S.W.2d 858 (1997). The Commission has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict. *Poulan Weed Eater v. Marshall*, 79 Ark. App. 129, 84 S.W.3d 878 (2002). When the Commission denies benefits upon finding that the claimant failed to meet his burden of proof, the substantial evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for relief. *Cooper v. Hiland Dairy*, 69 Ark. App. 200, 11 S.W.3d 5 (2000). In addition, the Commission cannot arbitrarily disregard any witness's testimony. *Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001).

In this case the Commission not only considered, but also accepted, the testimony of appellant regarding the onset of his pain after lifting the patient in July 1999. The onset of pain, however, does not satisfy our statutory criteria for benefits. Test results that are based upon the patient's description of the sensations produced by various stimuli are clearly under the voluntary control of the patient and therefore, by statutory definition, do not constitute objective findings. *Duke v. Regis Hair Stylists*, 55 Ark. 327, 935 S.W.2d 600 (1996). The record in this case was void of any post-July 26, 1999, objective evidence showing that appellant had suffered a new injury. Given the fact Dr. McBride assigned an impairment rating subsequent to the 1999 injury relying solely on test results based upon appellant's pain descriptions, the Commission was constrained from finding that appellant had sustained a compensable injury.

Appellant argues that, in finding that appellant failed to prove a compensable injury, the Commission went beyond the express language of the statute and created a requirement that appellant must not only establish an injury with medical evidence supported by objective findings but must also establish that the objective findings be new and not in existence prior to the occurrence of the injury claimed. He asserts that, while the law requires that the injury be established by medical evidence sup-

ported by objective findings, nothing in the law requires that the injury be established with "new objective findings."

Appellant's assertion relies heavily on the Commission's finding that appellant's description of his onset of pain was credible. From this premise, appellant argues that the statute does not require that a causal connection be established with medical evidence supported by objective findings; therefore, the fact that appellant presented medical evidence that an injury exists satisfied the statutory requirements for a compensable injury.

We agree with appellant that objective medical evidence is not essential to establish the causal relationship between the injury where objective medical evidence establishes the injury's existence, and a preponderance of other non-medical evidence establishes a causal relation to a work-related incident. *See Wal-Mart Stores v. VanWagner,* 337 Ark. 443, 990 S.W.2d 522 (1999); *Wal-Mart Stores v. Leach,* 74 Ark. App. 231, 48 S.W.3d 540 (2001). However, we disagree with appellant's premise that the medical evidence must merely establish the existence of the injury. The question is not whether there are new objective findings, but whether there is a new compensable injury. It is the injury for which appellant seeks benefits that must be proved with objective medical findings.

Therefore, when appellant sought benefits for an alleged injury sustained on July 26, 1999, it was his burden to prove that the injury was caused by the events on that day. This burden necessarily required that he present objective medical findings establishing an injury suffered on that day in addition to his nonmedical evidence offered to establish a causal relation to the work-related incident. *See* Ark. Code Ann. § 11-9-102 (1997 & Supp. 2005). A compensable injury must be established by medical evidence supported by objective findings, and medical opinions addressing compensability must be stated within a reasonable degree of medical certainty. *See Smith-Blair, Inc. v. Jones,* 77 Ark. App. 273, 72 S.W.3d 560 (2002). Speculation and conjecture cannot substitute for credible evidence. *Id.*

Appellant's failure to present objective medical findings of an injury sustained in July 1999 also precludes recovery for any aggravation of a preexisting condition. An aggravation is a new injury resulting from an independent incident. *Smith-Blair, Inc. v. Jones, supra.* Being a new injury with an independent cause, an aggravation must meet the requirements for a compensable injury. *Id.*

■    The medical evidence in this case established that the condition of appellant's lumbar spine after the July 1999 incident was virtually unchanged from the condition diagnosed by tests performed in 1996. Therefore, the Commission did not err by finding that appellant had failed to establish a compensable injury, and its requirement that objective medical findings establish an injury occurring on July 26, 1999, did not impose a requirement in addition to our statutory prerequisites for benefits.

Accordingly, we affirm.

PITTMAN, C.J., and ROBBINS, J., agree.