PHARMERICA and SRS *v.* Marlene SERATT

CA 08-83                                    285 S.W.3d 699

Court of Appeals of Arkansas
Opinion delivered June 18, 2008

*Michael E. Ryburn*, for appellants.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellee.

JOHN B. ROBBINS, Judge. This is a workers' compensation case in which the claimant was awarded benefits related to injuries arising out of carbon monoxide exposure at work culminating on June 8, 2005. The Administrative Law Judge (ALJ) denied compensability, but on appeal to the Workers' Compensation Commission, it awarded benefits finding that objective findings and a causal link supported the existence of workplace injury and that appellee was entitled to reasonably related medical treatment and attorney's fees. The employer appeals contending that (1) the Commission awarded benefits for an occupational disease where only a specific-incident injury was to be litigated, which was an error of law; (2) any claim for occupational disease was barred for failure of appellee to give the statutorily-required ninety-day written notice; and (3) even if the issue was properly before the Commission, there were no objective findings to support the existence of an occupational injury or substantial evidence on causation, nor did this case fit within the definition of "occupational disease." Because the Commission's opinion lacks sufficient findings of fact upon which we may perform proper appellate review, we reverse and remand.

In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *See Whitlach v. Southland Land & Dev.*, 84 Ark. App. 399, 141 S.W.3d 916 (2004). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Williams v. Prostaff Temporaries*, 336 Ark. 510, 988 S.W.2d 1 (1999). There may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we had sat as the trier of fact or heard the case de novo. *Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001). We do not review the decision of the ALJ but rather review the decision of the Commission, which performs a de novo review of the evidence, and in this instance, did not adopt any of the findings of the ALJ. *See, e.g., Matthews v. Jefferson Hosp. Ass'n*, 341 Ark. 5, 14 S.W.3d 482 (2000); *Scarbrough v. Cherokee Enters.*, 306 Ark. 641, 816 S.W.2d 876 (1991).

The Commission has the duty of weighing medical evidence as it does any other evidence, and the resolution of conflicting evidence is a question of fact for the Commission. *Public Employee Claims Div. v. Tiner*, 37 Ark. App. 23, 822 S.W.2d 400 (1992). A finding of a compensable injury cannot be based on speculation or conjecture. *Smith-Blair, Inc. v. Jones*, 77 Ark. App. 273, 72 S.W.3d 560 (2002). However, the Commission may not arbitrarily disregard medical evidence or the testimony of any witness. *Patchell v. Wal-Mart Stores, Inc.*, 86 Ark. App. 230, 184 S.W.3d 31 (2004); *Hill v. Baptist Med. Ctr.*, 74 Ark. App. 250, 48 S.W.3d 544 (2001). Furthermore, any compensable injury must be established by medical evidence supported by objective findings. Ark. Code Ann. § 11-9-102(4)(D) (Supp. 1999).

Where the condition involved is a disease (as opposed to an accidental injury), the claim is compensable only if the disease is an "occupational" one as defined in our Workers' Compensation Act, and the claimant proves by a preponderance of the evidence a causal connection between the employment and the disease. *See* Ark. Code Ann. §§ 11-9-102(4) to -601(e) (Repl. 2002). An "occupational disease" is defined as any disease that results in disability or death that arises out of or in the course of the occupation or employment. Ark. Code Ann. § 11-9-601(e)(1) (Repl. 2002). An occupational disease is characteristic of an occupation, process or employment where there is a recognizable

link between the nature of the job performed and an increased risk in contracting the occupational disease in question. *Sanyo Mfg. Corp. v. Leisure*, 12 Ark. App. 274, 675 S.W.2d 841 (1984).

First, we consider whether there was procedural error. Appellant contends that appellee sought benefits for an accidental injury that occurred on June 8, 2005, whereas the Commission *sua sponte* found that her claim was compensable because she suffered an occupational disease. Appellant argues essentially that it was blind-sided by this finding and was not allowed to defend its position properly, and furthermore that appellee did not give the required statutory notice for an occupational disease. Appellee responds that she sought benefits for an injury that culminated on June 8, 2005, that "compensability" was the issue, and that her claim was filed in a timely manner from her last injurious exposure. Thus, she contends that the Commission in its de novo review was at liberty to decide whether she had proved entitlement to benefits under the entire Workers' Compensation Act. To the extent that appellant contends that the Commission erred in entertaining this claim seeking compensation under an occupational disease theory, we disagree that the Commission erred in doing so.

The undisputed facts were that appellee worked as a pharmacy technician and had for several years. In the pharmacy building, a faulty water heater leaked not only water but carbon monoxide. On June 8, 2005, pharmacy employees had been taking turns emptying the water receptacles abutting the water heater, but because the employees were suffering from headaches, the pharmacy manager called the Rogers fire department. The building was evacuated.

Appellant and other employees filed workers' compensation claims. With regard to appellee's claim, the pre-hearing order issued by the ALJ stated that the issue to be litigated was "compensability of the claimant's injuries due to carbon monoxide[.]" Appellee contended that she was injured on June 8, 2005, suffering injuries to her eyes, nose, throat, lungs, and brain. Her main complaints were that she had persistent headaches, burning in her nose/throat/chest, photophobia, memory loss, shaking, confusion, difficulty breathing, difficulty multitasking, and anger issues. She said she suffered from none of those problems prior to her employment in the pharmacy. Appellant contested the claim on the basis that there lacked objective medical findings to support

such injuries and further, that appellee could not causally connect any objective findings of ill health to the carbon-monoxide exposure.

At the hearing, appellant's counsel made an opening statement in which he contended that it was "hard to decide just which slot this kind of claim falls into in the current Workers' Compensation Act," noting that this was possibly an occupational disease case. Appellee's counsel made her opening statement in which she stated that there was acute exposure on June 8 but that the employees had been exposed to this gas over a greater period of time.

The ALJ denied benefits. On de novo review, the Commission found that (1) appellee had shown objective medical findings to support the existence of injury, specifically in swelling and redness of her nasal passages, polyps in her nasal passages, and increased carbon monoxide levels as shown by blood testing, which the Commission causally related to her work exposure and not her smoking; and (2) appellee suffered a gradual occupational injury due to prolonged carbon monoxide exposure.

The two prevailing Commissioners authored the opinion in which they found that "her symptoms arose gradually," and "claimant's symptoms worsened after the incident on June 8, 2005." This was deemed a "culmination" of symptoms leading up to that date "consistent with prolonged carbon monoxide exposure." The dissenting Commissioner wrote that she would have denied benefits because, although appellee had long-standing medical issues, they were not shown to be causally related to her work. This appeal followed.

■ We hold that there was no procedural error. The Commission was presented with the stipulated issue as compensability for injuries from carbon monoxide exposure at work. In *American Transportation Co. v. Payne*, 10 Ark. App. 56, 661 S.W.2d 418 (1983), our court noted that Workers' Compensation Commission Rule 25, defining the scope of review from the ALJ to the Commission, does not preclude the Commission from reviewing issues not appealed from or not raised at the ALJ level if it so chooses. 10 Ark. App. at 61. The Commission reviews cases appealed to it de novo, and the duty of the Commission is not to determine whether there was substantial evidence to support the ALJ's findings; rather, it must make its own findings in accordance with a preponderance of the evidence. *See Tyson Foods, Inc. v. Watkins*, 31 Ark. App. 230, 792 S.W.2d 348 (1990). Hence, the

Commission has authority, and the duty, to render anew findings relevant to the claim before it. Given the posture of this claim as presented, we hold that the Commission was within its power to render findings on compensability, regarding an occupational disease or single workplace accident.

Appellant also claims that the Commission's decision cannot stand because appellee is not entitled to any occupational-disease benefits absent her giving a statutorily required ninety-day notice of occupational disease. Arkansas Code Annotated section 11-9-603(a)(2)(A) (Repl. 2002) requires that written notice of an occupational disease be given within ninety days after the first distinct manifestation of the disease; such notice must be given by the employee or someone on her behalf. The ninety-day statutory period does not begin to run until the employee knows or should reasonably be expected to know that he is suffering from an occupational disease. *See Quality Serv. Railcar v. Williams*, 36 Ark. App. 29, 820 S.W.2d 278 (1991). Failure to give notice shall not bar any claim if the employer had knowledge of the injury; if the employee had no knowledge that the condition or disease arose out of and in the course of his employment; or if the Commission excuses the failure on the grounds that, for some satisfactory reason, the notice could not be given. Ark. Code Ann. § 11-9-701(b)(1) (Repl. 2002).

We have before us no findings by the Commission on this statutory notice, regarding compliance or lack thereof. Where it is clear what the appropriate law is but the Commission fails to apply the law to the facts of the case, it is appropriate to reverse and remand. *See, e.g., Westside High Sch. v. Patterson*, 79 Ark. App. 281, 86 S.W.3d 412 (2002) (reversing and remanding, stating that "the Commission must apply the appropriate law to the evidence before it to reach a conclusion").

Because we are remanding for sufficient findings, we take this opportunity to point out that the Commission's findings are also lacking with regard to the substantive claim. Such additional findings may become unnecessary if there is a statutory bar to this claim. However, in furtherance of judicial economy, we direct the Commission to make such findings that are necessary to explain the basis of its conclusion on compensability.

There is a thorough discussion of the existence of objective findings to support the existence of a compensable injury. There are findings on the causal relationship between the injury and the work. A causal connection is generally a matter of inference to be

drawn from all the evidence. *See Hope Brick Works v. Welch*, 33 Ark. App. 103, 802 S.W.2d 476 (1991). However, the Commission made no findings on the issue of how this claim fits within the occupational-disease construct except to state that the injury was of gradual onset. It did not make findings required by the Act that an occupational disease be "due to the nature of an employment in which the hazards of the disease actually exist and are characteristic thereof and peculiar to the trade[.]" Ark. Code Ann. § 11-9-601(g)(1)(A).

When the Commission decides a claim, the parties are entitled to know the factual basis for the decision. *Lowe v. Car Care Mktg.*, 53 Ark. App. 100, 102, 919 S.W.2d 520, 521 (1996). Moreover, meaningful appellate review requires adequate and specific findings. *Lowe*, 53 Ark. App. at 102, 919 S.W.2d at 521. Here, the findings are incomplete. We therefore reverse and remand for additional findings of fact. *Wright v. Am. Transp.*, 18 Ark. App. 18, 22, 709 S.W.2d 107, 110 (1986).

Reversed and remanded.

PITTMAN, C.J., and BAKER, J., agree.