Cite as 2026 Ark. App. 105

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-25-284

| | |
|---|---|
| JONATHAN MOHLER<br><br>APPELLANT<br><br>V.<br><br>ROBERT A. YOUNG III DBA CROSS CREEK RANCH, LLC, EMPLOYER; MIDWEST INSURANCE COMPANY, CARRIER<br><br>APPELLEES | Opinion Delivered February 18, 2026<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. H304058]<br><br><br><br>REVERSED |

## STEPHANIE POTTER BARRETT, Judge

Jonathan Mohler ("Mohler") appeals the Arkansas Workers' Compensation Commission's opinion reversing the decision of the administrative law judge ("ALJ") and finding that he did not prove by a preponderance of the evidence that he sustained a compensable injury. On appeal, Mohler contends that the Commission erred by (1) failing to understand the cause of his work-related condition such that no reasonable mind could have reached its result and (2) failing to apply the correct standard to determine the compensability of an occupational disease. We reverse the Commission's decision.

Mohler became employed as a ranch hand for Cross Creek Ranch, owned by Robert Young III ("Young"), on or about August 3, 2020. Cross Creek Ranch is a cattle operation consisting of approximately one thousand acres. Mohler's duties included tending cattle,

vaccinating and spraying livestock, repairing and building fences, baling hay, brush-hogging, applying fertilizer, and performing other tasks as needed on the ranch. His work routinely required him to be in tall grass and occasionally in wooded areas. Young provided Mohler and his family with a house located on the ranch as a part of his employment, and Mohler was on call twenty-four hours a day.

During his employment, Mohler regularly encountered ticks and removed ticks from his body. In late 2022, Mohler began experiencing fatigue, vomiting, and other symptoms that worsened over time. In January 2023, he sought emergency medical treatment and was later diagnosed with alpha-gal syndrome ('AGS") after laboratory testing confirmed a positive alpha-gal panel. AGS is a tick-borne disease caused by a person being bitten by a lone star or blackleg tick. Because of AGS, Mohler cannot tolerate mammalian meat products and experiences additional symptoms including weight loss, slurred speech, memory problems, and difficulty concentrating.

Mohler filed a workers'-compensation claim alleging that he sustained a compensable injury in the form of a work-related tick bite. A hearing was held before an ALJ on August 5, 2024.

Mohler and his wife, Courtney Mohler, testified that ticks were common on the property at Cross Creek Ranch. Mohler acknowledged that he regularly removed ticks from his body and had experienced multiple tick bites during his employment. He also testified that he hunted on the ranch and engaged in recreational activities there with his family. Mohler testified that he believes he was bitten by a tick on October 29, 2022, while repairing

a fence. He stated that he did not notice the tick at the time and later associated the alleged bite with a photograph on his phone showing a tree he had photographed on a day he repaired a fence. The tick was located on the back of his right knee. Mohler acknowledged that he had been bitten by ticks before, but he did not always notice them. He testified that it was possible he removed the tick the week before or the week after October 29. He did not report the tick bite to Young.

Courtney testified that she first noticed significant health problems with Mohler in December 2022, including vomiting and facial swelling. Mohler testified that in early November 2022, he began experiencing fatigue and vomiting. In addition to this testimony, the medical records introduced at the hearing reflect that on January 14, 2023, Mohler went to the Washington Regional Medical Center emergency room due to dizziness, nausea, vomiting, and abdominal pain. Mohler did not report a tick bite to medical providers during his January 2023 emergency room visit or at his early follow-up appointments.

Mohler began treatment with Dr. Jantzen Slater, a general practitioner, on January 26, 2023, reporting frequent vomiting that began months earlier and had worsened over time. Dr. Slater ordered laboratory testing, including an alpha-gal panel, which was positive. Mohler was thereafter diagnosed with AGS. Mohler was evaluated by Dr. Tina Merritt, an allergy specialist, on March 29, 2023. Medical testing for other tick-borne diseases, including Lyme disease, was negative.

A letter from Dr. Slater opining that Mohler developed AGS because of a tick bite acquired during work was introduced at the hearing as well as a report by Dr. Joshua

Kennedy, a physician specializing in allergies and immunology. Dr. Kennedy reviewed Mohler's medical records and, due to what he believed were deficiencies and inconsistencies in the medical history he was provided, his report questioned whether the documentation provided adequately supported a connection between Mohler's condition and a work-related tick bite.

The ALJ subsequently held that Mohler's claim for a compensable injury was based on an accidental injury, and he met his burden of proving by a preponderance of the evidence that he suffered a compensable injury in the form of a tick bite that resulted in AGS.

Young timely appealed the ALJ's opinion to the Commission. Young argued that the ALJ erred in finding that (1) Mohler's claim was a compensable injury; (2) Young was responsible for medical treatment; and (3) Mohler was entitled to the temporary total-disability benefits.

Mohler filed a timely notice of cross-appeal. Mohler argued that the ALJ (1) erred in applying the law in determining the extent of the respondents' liability regarding attorney's fees in his fully controverted claim and (2) failed to order the respondents to pay a full attorney's fee on his fully controverted claim.

On April 2, 2025, the Commission, in a 2–1 decision with a written dissent, reversed the ALJ's finding that Mohler proved he sustained a compensable injury and denied and dismissed the claim. The Commission examined Mohler's claim under both an accidental-injury and occupational-disease analysis and concluded that Mohler failed to establish a

4

compensable injury under either statute. The Commission expressly found Mohler not credible regarding the alleged tick bite and his claimed work-related exposure.

This appeal followed.

This court reviews the decision of the Commission, not the decision of the administrative law judge. *Reed v. M.A. Mortenson Cos.*, 2024 Ark. App. 253, at 5, 687 S.W.3d 882, 885. Under the Arkansas Workers' Compensation Act, this court shall review only questions of law. Ark. Code Ann. § 11-9-711(b)(4) (Repl. 2012). In reviewing a Commission decision, this court views the evidence and all reasonable inferences in the light most favorable to the Commission's findings and affirms that decision if it is supported by substantial evidence. *Nucor Yamato Steel Co. v. Echols*, 2023 Ark. App. 43, at 4, 660 S.W.3d 341, 344. Substantial evidence exists only if reasonable minds could have reached the same conclusion without resort to speculation or conjecture. *Id.* The Commission is the ultimate arbiter of weight and credibility. *Id.* This court will not reverse unless fair-minded persons with the same facts before them could not have reached the Commission's conclusion. *Id.* Accordingly, the issue is not whether this court might have reached a different result or whether the evidence would have supported a contrary finding. *Id.*

First, Mohler argues that the Commission failed to understand the cause of his alleged work-related condition and erred in concluding that no reasonable mind could have reached the Commission's result. Mohler specifically contends that the Commission erred in finding that he failed to prove he developed AGS because of a work-related tick bite.

A compensable injury is one that arises out of and in the course of employment, but it does not include one that is inflicted on an employee at a time when employment services are not being performed. *USA Trucks, Inc. v. Jarrell*, 2016 Ark. App. 484, at 3, 503 S.W.3d 870, 872. The claimant bears the burden of proving by a preponderance of the evidence that he or she sustained a compensable injury. Ark. Code Ann. § 11-9-102(4)(E)(i) (Supp. 2025). A compensable injury must be established by medical evidence supported by objective findings. Ark. Code Ann. § 11-9-102(4)(D). While objective medical evidence is required to establish the existence and extent of an injury, causation may be established by a preponderance of other nonmedical evidence. *Bean v. Reynolds Consumer Prods.*, 2022 Ark. App. 276, at 12, 646 S.W.3d 655, 663.

Here, the Commission did not dispute that Mohler had been diagnosed with AGS. The medical records reflect that he tested positive for AGS and that AGS is an allergy triggered by a tick bite. Thus, the dispositive question is not whether Mohler has AGS or whether AGS can be caused by tick bites but whether the Commission could reasonably conclude that Mohler failed to establish that his AGS resulted from a tick bite arising out of and in the course of employment.

The Commission concluded that Mohler failed to establish that his AGS resulted from a work-related tick bite and determined that he could have been bitten on the premises outside the scope of his employment. While the Commission is entitled to resolve conflicts in evidence, it may not deny a claim by disregarding material evidence or by drawing conclusions that require speculation. *Long v. Wal-Mart Stores, Inc.*, 98 Ark. App. 70, 79, 250

S.W.3d 263, 271 (2007); *Sheridan Sch. Dist. v. Wise*, 2021 Ark. App. 459, at 9, 637 S.W.3d 280, 285. The record reflects that Mohler was diagnosed with AGS, that AGS is transmitted by a tick bite, and that Mohler's employment routinely placed him in environments where tick exposure was likely. Furthermore, Mohler lived on the property and was on call twenty-four hours a day.

In *Jivan v. Economy Inn & Suites*, 370 Ark. 414, 415, 260 S.W.3d 281, 283 (2007), the Arkansas Supreme Court held that the death of a hotel manager who lived on the premises in a room provided by the hotel and died due to smoke inhalation from a fire that broke out at the hotel while she was off duty was compensable. The court in *Jivan* specifically looked at "the time and space boundaries of the employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interest directly or indirectly" to determine compensability. *Id.* at 417, 260 S.W.3d at 284 (quoting *Wallace v. W. Fraser S., Inc.*, 365 Ark. 68, 72, 225 S.W.3d 361, 366 (2006)). Those principles apply to Mohler's circumstances. Mohler resided on the ranch, and his twenty-four-hour on-call status placed him within the time and space boundaries of his employment, even when he was not actively performing assigned tasks.

Nothing in the record suggests an alternative explanation for Mohler's development of AGS. In light of this evidence, fair-minded persons could not reach the Commission's conclusion. Therefore, there is no substantial evidence to support that Mohler did not sustain a compensable injury.

7

Mohler further contends that the Commission's denial of benefits also rests on an incorrect application of the legal standard governing occupational diseases. Although Mohler described a specific tick bite, the compensability of a disease such as AGS does not depend on identifying which tick on which date caused the condition. Requiring that level of precision would be impractical. The question we then turn to is whether his condition qualifies as an occupational disease.

Occupational disease "means any disease that results in disability or death and arises out of and in the course of the occupation or employment of the employee or naturally follows or unavoidably results from an injury." Ark. Code Ann. § 11-9-601(e)(1)(A) (Repl. 2012). The test of compensability is whether the nature of the employment exposes the worker to a greater risk of the disease than the risk experienced by the general public or workers in other employments. *See Heptinstall v. Asplundh Tree Expert Co.*, 84 Ark. App. 215 (2003). However, the disease must be so distinctively associated with the employee's occupation that there is a direct causal connection between the duties of the employment and the disease contracted. *Sanyo Mfg. Corp. v. Leisure*, 12 Ark. App. 274 (1984).

AGS is a disease that develops as a result of exposure to a harmful agent rather than a single traumatic event. Mohler alleged cumulative exposure to tick bites during the course of his employment. Given the nature of Mohler's work environment, a tick bite resulting in AGS constitutes a natural consequence or incident of distinctive conditions of his employment. Accordingly, Mohler's claim is properly analyzed as an occupational disease under Ark. Code Ann. § 11-9-601(e)(1)(A).

To establish a compensable occupational disease, a claimant must prove that the disease arose out of and in the course of employment and establish a causal connection between the occupation or employment and the disease by a preponderance of the evidence. Ark. Code Ann. § 11-9-601; *Pharmerica v. Seratt*, 103 Ark. App. 9, 11, 285 S.W.3d 699, 701 (2008). No compensation is payable for an ordinary disease of life to which the general public is exposed. Ark. Code Ann. § 11-9-601(e)(3).

Whether a causal connection exists is determined by examining whether the nature of the employment exposes the worker to a greater risk of the disease than the risk experienced by the general public or workers in other employments. *Heptinstall v. Asplundh Tree Expert Co.*, 84 Ark. App. 215, 221, 137 S.W.3d 421, 425 (2003). The increased-risk test differs from the peculiar-risk test in that the distinctiveness of the employment risk can be contributed by the increased quantity of a risk that is qualitatively not peculiar to the employment. *Crossett Sch. Dist. v. Gourley*, 50 Ark. App. 1, at 3, 899 S.W.2d 482, 483 (1995) (citing 1 Arthur Lawson, *The Law of Workmen's Compensation* § 6.30 (1994)).

Although the Commission considered Mohler's claim under an occupational-disease theory, the governing standard requires proof that the employment exposed the claimant to a greater risk of contracting the disease than faced by the general public or workers in other employment. The record establishes that Mohler met that standard.

In *Crossett School District*, the court held that a school teacher who developed sinus issues from mold that formed in her classroom following the installation of a new heating and air-conditioning system was exposed to a greater risk of disease than that faced by the

9

general public, satisfying the requirements for a compensable occupational disease. Similarly, in *Osmose Wood Preserving v. Jones*, 40 Ark. App. 190, 194–196, 843 S.W.2d 875, 878 (1992), the court affirmed an award of benefits for histoplasmosis where the claimant's employment required daily exposure to chicken feces and areas with histoplasmosis fungus, thereby increasing his risk of contracting the disease beyond that faced by the general public.

Mohler's employment involved the same type of increased exposure. He lived on the ranch in housing provided by his employer, remained on call twenty-four hours a day, spent extensive time outdoors in tick-infested areas, and regularly encountered ticks while performing his duties. These conditions exposed Mohler to a greater risk of contracting a tick-borne disease than members of the general public or workers in most other employments. Thus, Mohler established the causal connection required for a compensable occupational disease. We hold that the Commission's decision is therefore not supported by substantial evidence, and we reverse.

Reversed.

VIRDEN and HARRISON, JJ., agree.

*Walker Law Group, PLC*, by: *Eddie H. Walker, Jr.*, for appellant.

*Newkirk & Jones Law Firm, PLLC*, by: *Michael C. Stiles*, for appellees.